JOHN S. McKOY, Adm'r, &c., v. GUIRKIN & CO.

*Legacy—Assent to—Parties.*

1. Where a testator living in another State left a will which was admitted to probate in that State and also in this, gave a sum of money to A., in trust for the benefit of B., both of this State, the interest to be paid to B. during her life, and at her death the trustee to distribute the principal, according to her judgment, for the benefit of the poor of the county where A. and B. lived, and the executor who qualified in the State of testator's domicile paid over the amount of the legacy to the trustee, who deposited a part of it with the defendant's brokers, who lived in this State, and A. having died without disposing of the sum so deposited, and B. having never died: *Held*, that an administrator *cum testamento annexo* in this State could not sustain an action for that sum against the brokers. If entitled to the possession of the fund at all, his remedy would have been against the personal representative of the trustee, and not against the defendants, who were his agents.

2. With the parties then before the Court, it was error to adjudge a final disposition of the fund, and the action should have been dismissed.

3. When an executor assents to a legacy given for life, with a remainder over, the assent extends to the remainder, and the executor becomes *functus* in respect to the legacy; though the rule is otherwise if, by the terms of the will, the executor is required to execute trusts attached to the ulterior disposition, when the executor may sue for and recover the fund after the expiration of the life estate.

CIVIL ACTION, tried before *Montgomery, J.*, at Spring Term, 1888, of the Superior Court of PASQUOTANK.

John A. Gambrill, having his domicile in the city of Baltimore, Maryland, died on October 1, 1878, having made a will in form to pass his estate, and appointing Robert Johnson his executor, which was proved in the proper court in that State, and the executor accepted its trust and proceeded to carry into effect the dispositions of property contained in the will and settle the estate. Among many pecuniary bequests therein made, is one in these words:

"I give in trust to Mrs. Mary A. Morgan, for the benefit of Mrs. Mary Scott, daughter of Mrs. Elizabeth Cartwright, deceased, all of Pasquotank County, North Carolina, the sum of one thousand (1,000) dollars, the interest to be paid her during her life, and at her decease Mrs. Morgan to distribute the principal, as her judgment may determine, for the benefit of the poor of said county."

The executor paid over the legacy to the trustee Mary A., who, up to the time of her death in 1885, paid over to Mary Scott, the beneficiary, and the latter has since received, up to her own death, on the 26th day of February, 1887, the accrued interest on the fund. The defendant firm, as the depositary of the fund, now holds the sum of eight hundred and seventy-five dollars, with interest at the rate of eight per cent. per annum thereon, for which it is ready to account to the person legally entitled thereto Mary A. Morgan made no disposition of the fund during her life-time, nor could she appropriate it until the death of the beneficiary for whom it was held in trust, and who was entitled to the interest accruing during her life.

The will, properly authenticated, has been before the Probate Judge, admitted to probate in the county of Pasquotank, and letters of administration *cum testamento annexo* issued to the plaintiff, who seeks in this action to recover the moneys for the estate of the testator from the defendants, with whom it was deposited by the trustee, on the ground that the ulterior disposition cannot now be made, and the bequest over has become void.

Upon these facts the Court ruled that the plaintiff could not maintain the action, and proceeded to appoint the Board of Commissioners of Pasquotank as trustee, in place of the deceased Mary, vesting it with authority to collect the moneys and appropriate them according to the directions of the testator.

From this judgment the plaintiff appeals.

*Mr. E. F. Aydlett,* for the plaintiff.
No counsel for the defendants.

Smith, C. J. (after stating the case). It is plain, if the plaintiff in his representative capacity is entitled to the possession of the fund, his remedy is against the personal representative of the deceased trustee, for whom, under the contract of deposit with the defendants, Guirkin & Co., as agents, they hold, and not against the agents themselves, the latter's possession being, in legal effect, that of their principal, to whose right such personal representative succeeds.

Affirming the ruling against the plaintiff, the action properly terminated, and it was error, with the parties then before the Court, to proceed to make a final disposition of the fund.

But can the plaintiff recover the fund for the testator's estate from the personal representative of the deceased trustee? This question must, in our opinion, be answered in the negative.

It has been settled by repeated adjudications in this Court, supported by sound reasoning, that when an executor assents to a legacy given for life with remainder over, the assent extends also to such remainder, and his control over it ceases, and having nothing further to do he becomes so far *functus officio,* and the successive legatees must adjust their respective claims among themselves. *James* v. *Masters,* 3 Murph., 110; *Ingrams* v. *Terry,* 2 Hawks, 122; *Alston* v. *Foster,* 1 Dev. Eq., 337; *Smith* v. *Barham,* 2 Dev. Eq., 420; *Burnett* v. *Roberts,* 4 Dev., 81; *Saunders* v. *Gatlin,* 1 D. & B. Eq., 86; *Conner* v. *Satchwell,* 4 D. & B., 72; *Lewis* v. *Smith, ibid.,* 326.

If, however, the specific thing bequeathed for life, with a remainder, which in terms requires the restoration of the property to the executor to enable him to execute the trusts attached to the ulterior disposition, the executor may sue and recover, the assent in such case being limited to the

vesting of the life estate only. *Dinwiddie* v. *Corrington*, 2 Car. Law Rep., 469 (Bat. Edition), 355.

Thus, where the bequest was of slaves and other personal property to the wife for life, to be sold after her death and the proceeds divided among the testator's children, the executor may sue and recover them, and if they have been converted by the life tenant to her use, may recover the value thereof. *Allen* v. *Watson*, 1 Murph., 189.

This is necessary to the full execution of the trusts assumed by the executor, and the assent inures only to the possession and use of the property for the tenant's life. *James* v. *Masters*, 3 Murph., 110.

The facts of the present case bring it under the present rule, which leaves the fund at the absolute disposal of the trustee for the poor of the county, and no trusts abide upon the executor after the payment over of the money, for the discharge of which he can demand its restitution. Where the cause is properly constituted in Court, and the parties claiming the fund are present in the action, so that a determination of the controversy will bind all, it may be decided whether the bequest for the benefit of the poor is valid, or must return to legatees under the will or to the testator's next of kin, and it would be premature in us to anticipate its solution.

The action must be dismissed, and it is so adjudged.

Dismissed.