W. O. TEMPLE, Administrator of Mary A. Thomas, v. THE BOARD OF COMMISSIONERS OF PASQUOTANK COUNTY et al.

*Evidence—Will—Devise—Laws of other States and Countries.*

1. The existence of the unwritten law of another State or foreign country may be proved by competent witnesses.

2. A will made by one domiciled in another State, and which is there subject to be construed by the rules of the common law, will be construed as if it had been made in this State, unless it is made to appear by competent evidence, that a different construction would prevail in the State where the testator resided.

3. A testator, domiciled in the State of Maryland, devised to " M., for the benefit of S., all of Pasquotank County, N. C., the sum of $1,000, the interest to be paid her during her life, and at her decease M. to distribute the principal as her judgment may determine for the poor'of said county." M. received the fund and paid the interest as directed, but died—leaving her husband surviving—without making any provision for the disposition of the fund after the death of S., who also soon after died. It was proved upon the trial that under the laws of Maryland, devises and legacies for charitable uses were void: *Held*, That upon the death of S. the fund should be paid to the heirs or distributees of the testator or their assigns.

This was a CIVIL ACTION heard by *Shuford, J.,* on the 27th day of April, 1892, at Chambers in Plymouth, by consent, on an appeal from a decree rendered by the Clerk of the Superior Court of Pasquotank County.

The petitioner, W. O. Temple, as administrator of Mary A. Thomas, filed his petition before the Clerk of the Superior Court of Pasquotank County, praying an order and decree of distribution of certain funds which had come into his hands as administrator aforesaid. The respondents were duly served with summons, and each of them filed answers to the petition.

Upon the hearing the Clerk, by consent, found the facts as follows:

John A. Gambrill died domiciled in the city of Baltimore, State of Maryland, on the 1st day of October, 1878, leaving a last will and testament in which he appointed one Robert Johnston his executor, and which was duly admitted to probate and record in said city and State, and in the county of Pasquotank in the State of North Carolina.

Robert Johnston qualified as Executor under said will in the city of Baltimore, State of Maryland, and settled the estate of his testator, and discharged the several trusts set out in his will, as far as possible, in the State of Maryland.

The testator in one clause of his will bequeathed as follows:

" I give in trust to Mrs. Mary A. Morgan, for the benefit of Mrs. Mary Scott, daughter of Mrs. Elizabeth Cartwright,

deceased, all of Pasquotank County, North Carolina, the sum of one thousand dollars ($1,000), the interest to be paid her during her life, and at her decease, Mrs. Morgan to distribute the principal as her judgment may determine for the poor of said county."

Robert Johnston paid out of his said testator's estate one thousand dollars to Mrs. Morgan under the provision of the will. The interest was paid to Mrs. Scott until her death, which occurred February 25, 1887. Mrs. Morgan died before the death of Mrs Scott, to-wit, in the year 1884, without disposing of the said fund as provided in said will, or in any wise executing the said power.

The plaintiff, W. O. Temple, duly qualified as administrator on the estate of Mary A. Thomas, who was the said Mary A. Scott above mentioned, she having intermarried with William Thomas, one of the defendants above mentioned, November 12, 1877.  *   *   *

The late Mary A. Thomas received the fund under the will of the late John A. Gambrill. J. S. McCoy and Mary Scott are his heirs at law and next of kin; James Scott and Emiline Sanders are devisees of Mary Scott, and William Thomas is the surviving husband of Mary A. Thomas, and said Scott and Sanders have sold and conveyed for value their interest, if any, in the fund of John L. Hinton.

J. S. McCoy claims two-thirds of the fund as heir at law and next of kin to John A. Gambrill; John L. Hinton claims one-third as assignee of James Scott and Emiline Sanders; William Thomas claims the entire sum as surviving husband of Mary A. Thomas; and the defendant, Board of Commissioners of Pasquotank County, claims the same under a proper construction of the will of the said John A. Gambrill.  *   *   *

John S. McCoy qualified as administrator *de bonis non c. t. a.* of John A. Gambrill on the 21st day of March, 1887, and

brought suit against Guirkin & Co. on the 23d day of March, same year, for the recovery of the said fund.

Neither of the respondents has ever instituted a suit for the recovery of this fund, nor to establish their claim against Temple, or has either of them ever filed with the administrator a statement of his claim before the beginning of this proceeding, but each made a verbal claim as set out in the petition.

The Court finds as a fact, that according to the law of Maryland the benevolent bequest in the will of John A. Gambrill to the poor of Pasquotank County is void.

The residuary clause in the said will has been declared by the Court of Maryland to be void.

In the case of *McCoy* v. *Guirkin,* Judge MONTGOMERY rendered judgment, appointing the Commissioners of Pasquotank County trustee in the place of Mrs. Thomas, which, upon appeal to the Supreme Court of North Carolina, was dismissed, as appears by the opinion of the Supreme Court. 102 N. C., 21.

That if the heirs of John A. Gambrill are entitled to the fund, J. S. McCoy is entitled to two-thirds of same, and John L. Hinton is entitled to one-third of same.

That the amount in the hands of Temple, administrator of Mary Thomas, to be distributed, is $793.75.

That respondent Board of Commissioners of Pasquotank County excepted to so much of the Clerk's finding as declared the bequest in the will of John A. Gambrill void under the laws of Maryland, for the reason that the testimony of J. Heywood Sawyer, the only testimony on the point, was incompetent and inadmissible. The exception was overruled.

The Clerk of the Superior Court, upon the above facts, made a decree adjudging that the heirs at law of John A. Gambrill, or their assigns, were entitled to the fund, and directing the petitioning administrator to pay the fund over

to such heirs at law and assigns, to-wit, J. S. McCoy, two-thirds thereof, and John L. Hinton, one-third thereof.

From the ruling of the Clerk the respondents appealed to the Judge of the District, who sustained the finding made by the Clerk and affirmed the order of payment.

From the ruling and judgment the respondents, the Board of Commissioners of Pasquotank County and William Thomas, appealed to the Supreme Court.

No counsel for plaintiff.
*Mr. E. F. Aydlett,* for defendant.

MACRAE, J.: The first exception was to the admission of the testimony of J. Heywood Sawyer, who, after stating that he is an attorney at law, and has been practicing in North Carolina since 1878, that in the course of his business connected with the subject-matter of the present litigation, he has thoroughly examined into the law of Maryland, and thinks, from this examination, he is qualified to state what that law is on this subject, and testifies, in substance, that, by the decisions of the Court of Appeals of that State, devises and legacies to charitable uses cannot be sustained and enforced. The objection to this testimony is that it is incompetent and inadmissible.

The existence of an unwritten law of another State, or foreign country, must be proved by competent witnesses. *Hooper* v. *Moore,* 5 Jones (50 N. C.), 130.

The other exception was to the judgment of his Honor confirming the judgment of the Clerk, which directs the distribution of the fund in the hands of the administrator between J. S. McCoy, one of the distributees, and J. L. Hinton, assignee of the other distributees, of that part of the personal estate of John A. Gambrill, deceased, as to which he died intestate, to the exclusion of the defendant William Thomas, who claims as the representative of his deceased

wife Mary A. Thomas, and the Board of Commissioners of Pasquotank County, who claim, as trustees, to hold the fund and administer it for the benefit of the poor of said county.

The testator bequeathed the sum of $1,000 in trust to Mary A Morgan, for the benefit of Mrs. Mary A. Scott, the interest to be paid her during her life, "and at her decease, Mrs. Morgan to distribute the principal, as her judgment may determine, for the benefit of the poor of said county."

This will was made in the State of Maryland, where the testator resided, and where it is subject to be construed by the rules of the common law. It will, in the Courts of North Carolina, have the same construction as if it had been made here, unless it shall appear by judicial decisions, or by the opinions of men learned in the law, that a different construction would prevail in Maryland. *Worrell* v. *Vinson*, 5 Jones (50 N. C.), 91. It has been adjudged by the Court below, upon competent evidence, as we have seen in our examination of the first exception, that by the laws of Maryland this bequest is void, and the laws of that State govern the exposition of the testator's will, because he was there domiciled at the time of its execution and of his death. *Worrell* v. *Vinson, supra; Allen* v. *Pass*, 4 Dev. &. Bat. (20 N. C.), 77.

The trustee, Mary A. Morgan, who married the defendant Thomas, and died, could have had no beneficial interest in the fund if the bequest had been held good, and the defendant Thomas, her surviving husband, can have no interest in it, because of the failure of his wife to execute the trust in her lifetime.

It is admitted that the residuary clause in the will of John A. Gambrill has been declared void by the Courts of Maryland, and it is further admitted that the defendants McCoy and Hinton are entitled to the fund, if the same cannot be held by the Commissioners of Pasquotank as trustees,

or by William Thomas as representative of the trustee Mary A. Thomas.

The cause being now properly constituted in Court, and the parties claiming the fund being present in the action, so that a determination of the controversy will bind all, it may now be decided, as suggested in *McKoy* v. *Guirkin*, 102 N. C., 21, "whether the bequest for the benefit of the poor is valid, or must return to legatees under the will, or to the testator's next of kin."                    Judgment affirmed.