[No. 9922.   Department Two.   February 26, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Nicomen Boom Company, Respondent,* v. NORTH SHORE BOOM & DRIVING COMPANY *et al., Appellants.*[1]

CONTEMPT—CIVIL CONTEMPT—DAMAGES—RIGHT TO JURY TRIAL. The right to trial by jury does not extend to proceedings for contempt for the wilful violation of a judgment, although damages for civil contempt are claimed and may be awarded on summary trial by the court, under Rem. & Bal. Code, §§ 1053, 1056.

CONTEMPT—CIVIL CONTEMPT—AFFIDAVIT—SUFFICIENCY. An affidavit for civil contempt for the violation of a judgment is sufficient where it sets out a wilful violation of the order and the damages caused thereby.

CONTEMPT—CIVIL CONTEMPT—MEASURE OF DAMAGES. The measure of damages for civil contempt in operating a boom in violation of a judgment, whereby certain logs were prevented from entering relator's boom, is the price relator would have earned in booming the logs, less the reasonable cost of boomage; the profit being neither remote nor speculative.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for Pacific county, Geo. Dysart, Esq., judge *pro tempore*, entered February 18, 1911, upon findings in favor of the plaintiff, awarding damages for a civil contempt, after a trial before the court without a jury.   Affirmed.

*W. H. Abel* and *Edward H. Wright*, for appellants.

*W. W. Cotton, Welsh & Welsh*, and *James G. Wilson*, for respondent.

MOUNT, J.—This is a contempt proceeding, instituted by the relator against the defendants, charging them with wilfully violating an order and decree of the superior court in the case of Nicomen Boom Company v. North Shore Boom & Driving Company.   The relator sought to have defendants fined and imprisoned, and also to recover damages sustained

[1]Reported in 121 Pac. 467.

since November 22, 1907, up to April 24, 1910. This proceeding grows out of the same case as the one reported in 55 Wash. 1, 103 Pac. 426, viz., *State ex rel. Nicomen Boom Co. v. North Shore Boom & Driving Co.* The parties and the judgment are the same, the violation of the judgment and the relief sought are of the same character, and the defenses made are the same. In short, this proceeding is based upon a continued violation of the judgment rendered in that case. A history of the litigation is there stated and need not be repeated here. The trial court in this proceeding followed the proceeding adopted in that case, and rendered a judgment requiring the defendants to pay to the relator the profit which the relator would have made in the operation of its boom since November 22, 1907. Before beginning the trial, the defendants demanded a jury, which the court denied.

It is now argued that, because the relator prays for damages and the trial court found that the defendants were not guilty of a wilful contempt, there remains but one issue, viz., the right of the relator to recover damages and the amount thereof, and that such issue should have been determined by a jury. It must be remembered, however, that this is a proceeding in contempt where the defendants are accused of wilfully violating a judgment of the court. If the relator is entitled to recover damages at all, it is by reason of the fact that defendants are guilty of a contempt of court. The penalty is imposed upon conviction, and may consist of imprisonment or fine, or both, and in addition, where injury has occurred to a party in an action, the court "may give judgment that the party aggrieved recover of the defendant a sum of money sufficient to indemnify him." Rem. & Bal. Code, § 1053. The statute does not provide for a jury trial in such case, either to determine the guilt or innocence of the accused or to determine the penalty. The trial is summary by the court without a jury. Rem. & Bal. Code, § 1056. In the other case, quoting from *Lorick v. Motley,* 69 S. C. 567, 48 S. E. 614, we said:

"When the contempt does not directly affect any particular individual, the penalty is inflicted for the benefit of the state at large. When, on the other hand, property of an individual is taken or destroyed in contempt of the court's order, those interested have a right to ask of the court its restoration or payment of its value at the hands of the offender, and the court requires such restoration or payment of its value as part of the punishment. In each instance the ultimate purpose is the protection of adjudicated right."

In this case, the court found that the defendants had violated the judgment and had thereby damaged the relator. The court, therefore, was authorized as a part of the penalty to give judgment for a sum of money sufficient to indemnify the relator. In *People ex rel. Attorney General v. Tool*, 35 Colo. 225, 86 Pac. 224, 229, 231, 117 Am. St. 198, 6 L. R. A. (N. S.) 822, the court said:

"The right of trial by jury does not extend to charges for contempt. A court having jurisdiction to issue an injunction has the inherent power to punish for contempt those who violate its mandates. . . . This question of the right of trial by jury has frequently received the attention of the courts in cases where authority was specially conferred upon, or exercised by, a court of equity to enjoin the continuance of a nuisance, with the result that practically the unbroken trend of authority is to the effect that laws authorizing such actions to be maintained do not invade constitutional rights."

Judge Cooley, in his work on Constitutional Limitations (6th ed.), p. 389, note 2, says:

"Cases of contempt of court were never triable by jury, and the object of the power would be defeated in many cases if they were."

See, also, *State ex rel. Crow v. Shepherd*, 177 Mo. 205, 76 S. W. 79, 99 Am. St. 624. It follows that no error was committed in the denial of the demand for a jury trial.

Appellants argue further that the affidavit is insufficient. It is only necessary to say upon this point that the affidavit clearly sets out a wilful violation of the order of the court by the defendants, and also the damages caused thereby to

the relator. A large part of appellants' lengthy brief is taken up in a discussion of the point that the court erred in the measure of damages. The court found that defendants had boomed 32,796,166 feet of logs, board measure, which would have been cared for in relator's boom had not the judgment of the court been ·violated; that the price of such boomage was sixty cents per thousand feet; that the reasonable cost of boomage was twenty cents per thousand, and that the net profit was forty cents per thousand. The evidence is ample to support each of these findings. This measure of damages was sustained in the other case. 55 Wash. page 11. It was the correct measure, under the rule in *West v. Martin,* 51 Wash. 85, 97 Pac. 1102, 21 L. R. A. (N. S.) 324, where we said:

"Where the natural and direct result of a tort is the interruption of or an injury to an established business, there may be a recovery of profits lost during the period of enforced suspension or by reason of the tortious act."

In this case, these profits were neither remote nor speculative, for the logs actually came down to the boom in the amount stated, and were caught and rafted by the defendants, who were operating a boom in violation of the order of the court; and but for these wrongful acts of the defendants, the relator would have handled these logs and would have made the profit stated. There is no error in the record. The judgment is affirmed.

DUNBAR, C. J., MORRIS, and ELLIS, JJ., concur.

FULLERTON, J., dissents.