## BENJAMIN M. FLATHERS v. STATE.

No. A-1313.    Opinion Filed August 21, 1912.

(125 Pac. 902.)

1.    COURTS—Appellate Jurisdiction—Criminal Court of Appeals. Under the Constitution (article 7, sec. 2; 187, Williams') and the statute (sections 1916 and 1917, Comp. Laws 1909), the Criminal Court of Appeals has exclusive appellate jurisdiction to review and correct proceedings of inferior courts in criminal cases. Neither the Constitution nor the statute has conferred on this court jurisdiction to review remedial proceedings as for a contempt.

2.    CONTEMPT—Proceeding to Punish—Nature and Form. A proceeding against a party for contempt for an alleged violation of an order of the court in a civil action is a civil proceeding.

3.    SAME. Willful disobedience of an order of the court in a civil action is not criminal contempt; in such a case the punishment is only ordered for the purpose of enforcing such order.

4. **SAME—Imprisonment.** A person imprisoned as punishment for criminal contempt, properly so called, is imprisoned in execution under a sentence for a crime.

(Syllabus by the Court.)

*Appeal from District Court, Ellis County;*
*G. A. Brown, Judge.*

Benjamin M. Flathers was adjudged guilty of contempt and committed to jail, and appeals. Dismissed.

*C. B. Leedy* and *J. G. Aubuchon,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen. (*John H. Burford* and *W. H. Springfield,* of counsel), for the State.

DOYLE, J. The judgment and order of commitment sought to be reversed in this case was rendered in a proceeding instituted against plaintiff in error for an alleged contempt of court.

Said judgment is as follows:

"Emily J. Flathers, Plaintiff, v. Benjamin M. Flathers, Defendant. Case Pending in the District Court of Ellis County, Oklahoma. On this 5th day of August, 1911, this cause came on for a hearing upon the matter of contempt charged against the defendant, Benjamin M. Flathers, and the court, being fully advised in the premises, finds that the defendant, Benjamin M. Flathers, has disobeyed various orders of the court, requiring him to pay certain sums as alimony in the above-entitled cause, and especially has he disobeyed the order of this court, made on the 14th day of July, 1911, requiring him to pay $70 to Emily J. Flathers within six days after service of said order upon him; said sum being the aggregate amount of payments ordered to be made by him as alimony up to and including the 19th day of July, 1911. And the court finds that the defendant refused to comply with the order and make said payments in the case of Emily J. Flathers against Benjamin M. Flathers, and that the defendant was able to make such payments, and that the defendant is in contempt of this court in refusing to comply with said orders. It is therefore ordered by the court that the defendant, Benjamin M. Flathers, be committed to the county jail of Ellis County, Oklahoma, until the said order of this court is complied with, or until he shall execute and deliver to said Emily J. Flathers a quitclaim deed for all claim by

him in and to lots 18, 19, and 20, in block 4, of McCrate's addition to the town of Shattuck, in said Ellis county, together with the appurtenances thereunto incident and belonging. Upon the execution and delivery of the quitclaim deed as herein above stated, or upon payments of said sum of $70 to Emily J. Flathers, together with all costs in this behalf incurred, the said Benjamin M. Flathers shall be released from said prison and custody. It is further ordered that the said defendant, Benjamin M. Flathers, who is now present, be and he is hereby committed to the custody of the sheriff of said Ellis county, who is hereby ordered and directed to enforce this order. Witness my hand in chambers in the city of Mangum, in Greer county, Oklahoma, this fifth day of August, 1911. G. A. Brown, District Judge of the Eighteen Judicial District of Oklahoma, including Ellis and Greer Counties.

"Filed August 8, 1911. O. E. Null, Clerk District Court."

The Attorney General has filed a motion to dismiss this appeal, because, as shown by the record, the contempt proceedings are civil, not criminal, and this court has no jurisdiction. We are clearly of the opinion that the motion should be sustained, and the only order that can properly be made by this court is one dismissing the purported appeal. While this court has jurisdiction to review an order or judgment committing a person for a criminal contempt, neither the Constitution nor the statute has conferred on this court jurisdiction to review remedial proceedings as for a contempt, where the matter of contempt consists of disobedience of orders or decrees rendered in civil actions.

At common law, judgments of superior courts of record in matters of contempt were final, and not reviewable in any other court upon appeal or writ of error. By statute in some states the remedy of appeal and writ of error has been given. There is no good reason, however, in any case that we have examined, why cases of criminal contempt are not subject to review in some manner by the appellate court.

In an able article on criminal contempts, in the Criminal Law Magazine, vol. 5, p. 647, the distinguished writer, Mr. Seymour D. Thompson, says with regard to jurisdiction in which writs of error and appeals lie:

"In several of the American states, under the operation of constitutional or statutory provisions, and, perhaps, in one or two cases, by judicial decisions contrary to the general course of authority, writs of error lie in the Supreme Court, or other appellate court, to revise the final judgments or orders of the inferior courts in proceedings for contempt. * * * Most of the decisions which relate to the inquiry under what circumstances appeals lie in proceedings for contempt arise out of that use of process of contempt which, as explained in a former article, was in courts of equity simply a process of execution—in other words, in what are called remedial proceedings as for contempt—and the inquiry, for the most part, is whether the order appealed from is final and dispositive of a substantial right, or interlocutory merely. The general rule, varied in some jurisdictions by local statutes, perhaps by judicial decisions, is that such orders are appealable. On the other hand, proceedings as for contempt, which, in their nature, are interlocutory only, are not appealable."

Contempts of court are of two kinds, civil and criminal. Much confusion exists in judicial decisions as to whether or not contempt proceedings are civil or criminal. As a general rule, these designations must be considered with reference to the specific question before the court. In the article of Mr. Thompson, above referred to, he says:

"The boundary between these two kinds of contempt is, in many cases, shadowy; but the substantial distinction is that one is a mode of execution of judgments and decrees in civil cases, while the other is punishment for an offense of a criminal nature. The distinction is said to be this: 'If the contempt consist in the refusal of a party to do something which he is ordered to do for the benefit or advantage of the opposite party, the process is civil, and he stands committed until he complies with the order. The order in such a case is not punitive, but executive. If, on the other hand, the contempt consists in a threatened act injurious to the other party, the process is criminal, and conviction is followed by a penalty of fine or imprisonment, or both, which is purely punitive. In the former case, the private party alone has an interest in the enforcement of the order, and the moment he is satisfied the imprisonment terminates; in the latter, the state alone is interested in the enforcement of the penalty."

In the absence of a statutory classification, it is impracticable to state a general rule by which, in all cases, to distinguish these two classes, in the one or the other of which every act of contempt must be classified. But substantially the main distinction is stated by this court as follows:

"A 'civil contempt' is where a person fails or refuses to do something which he has been ordered to do for the benefit of the opposite party to the cause. The punishment by imprisonment is for the purpose of coercing the performance of the act. A civil contempt is instituted by a private individual, for the purpose of protecting or enforcing his rights. The order in such a case is not in the nature of a punishment, but is coercive to compel him to act in accordance with the order of the court. A 'criminal contempt' embraces all acts committed against the majesty of the law, and the primary purpose of their punishment is the vindication of public authority and the dignity of the courts. In the case of a criminal contempt, the proceeding for its punishment should conform as nearly as possible to proceedings in criminal cases." (*Ex parte Gudenoge,* 2 Okla. Cr. 110, 100 Pac. 39.)

See, also, *Gompers v. Bucks Stove & Range Co.,* 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874; *Hake v. People,* 230 Ill. 174, 82 N. E. 561; *Vilter Mfg. Co. v. Humphrey,* 132 Wis. 587, 112 N. W. 1095, 13 L. R. A. (N. S.) 591.

Under the Constitution (article 7, section 2) and the statute (sections 1916 and 1917, Comp. Laws 1909), this court has exclusive appellate jurisdiction to review and correct proceedings of inferior courts in criminal cases brought before it for determination in the manner provided by law. *Eubanks v. Cole,* 4 Okla. Cr. 25, 109 Pac. 736. The appellate jurisdiction of the Supreme Court extends to all civil cases at law and in equity.

Disobedience to an order of the district court, or judge thereof, to pay alimony in a divorce action is not a criminal contempt. In such a case the punishment is only ordered for the purpose of enforcing an order in a civil action.

The order allowing bail and staying execution is hereby revoked, and the purported appeal is hereby dismissed, and the

case remanded to the district court of Ellis county, with direction that the plaintiff in error be remanded to the custody of the sheriff of Ellis county in accordance with the judgment and order of the court.

FURMAN, P. J., and ARMSTRONG, J., concur.