## CARL R. WELLS v. STATE.

No. A-1761. Opinion Filed May 3, 1913.

(131 Pac. 125.)

CONTEMPT—Appeal—Jurisdiction. The Criminal Court of Appeals has no jurisdiction to review civil contempt proceedings wherein defendant is adjudged guilty of contempt for failure to pay attorney fees and alimony.

(Syllabus by the Court.)

*Appeal from District Court, Hughes County;*
*John Caruthers, Judge.*

Carl R. Wells was adjudged guilty of contempt, and appeals. Appeal dismissed.

*Crump & Skinner* and *Mann, Rogers & Harris,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was on April 11, 1912, ordered to be committed to the custody of the sheriff and confined to the county jail of Hughes county until such time as he complied with the order of said court as theretofore made, directing him to pay $400 alimony and $100 attorney fees,

awarded in a divorce wherein Phoebie A. Wells was plaintiff and plaintiff in error was defendant. From this judgment an appeal was attempted to be taken by filing in this court June 8, 1912, a petition in error with case-made.

The Attorney General has filed a motion to dismiss the appeal as follows:

"Because the record discloses and the petition in error recites that this is an appeal from a 'judgment and sentence rendered in a certain cause pending in the district court of Hughes county, Okla., wherein Phoebie A. Wells. was plaintiff and Carl Wells was defendant, and wherein this defendant was adjudged to be guilty of the crime of contempt of court in not paying certain attorney's fees and alimony awarded against him upon a former hearing in said cause,' etc., it clearly appearing from the face of the petition in error that this is an appeal from a judgment rendered in a civil and not a criminal action."

The question presented is the same as the one decided in *Flathers v. State*, 7 Okla. Cr. 668, 125 Pac. 902, and, for the reasons given in the opinion in that case, the motion to dismiss for want of jurisdiction is sustained and the purported appeal herein dismissed.