## BALLARD BRIDGES v. STATE.

No. A-1791.   Opinion Filed May 31, 1913.

(132 Pac. 503.)

1. **CONTEMPT—Criminal Contempt—Appeal—Jurisdiction.** Where the plaintiff in error was prosecuted in the name of the state, on an information signed and presented by its prosecuting officer for an alleged criminal contempt, and upon his trial found guilty, and the judgment of conviction and sentence imposed was not for the purpose of enforcing an order of the court allowing alimony to the end that the plaintiff in error should be compelled to comply with such order, but as punishment for criminal contempt, the proceeding was not remedial, but was criminal in character. Therefore the proceeding is reviewable on appeal to this court.

2. **CONTEMPT—Imprisonment.** A person imprisoned as punishment for a criminal contempt is imprisoned in execution under a sentence for crime.

3. **SAME—Information—Demurrer.** When the facts alleged in the information do not constitute an offense, and are insufficient to charge a criminal contempt, it was error for the court to overrule a general demurrer thereto.

4. **DIVORCE—"Criminal Contempt"—Refusal to Pay Alimony.** Willful disobedience to an order of the district court, or judge thereof, to pay alimony in a divorce action is not a criminal contempt.

5. **SAME—Prosecution.** In a contest between private litigants the state has no interest, and in this case the county attorney was without authority to file an information, and the district court had no jurisdiction to render a judgment of conviction and sentence.

(Syllabus by the Court.)

*Appeal from District Court, Alfalfa County;*
*James W. Steen, Judge.*

Ballard Bridges was convicted of criminal contempt, and appeals. Reversed.

*Geo. E. McMahon,* for plaintiff in error.
*Chas. West,* Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error was tried and convicted in the district court of Alfalfa county under an information which, omitting title and indorsements, reads as follows:

"I, the undersigned county attorney of Alfalfa county, Oklahoma, in the name, by the authority, and on behalf of the state of Oklahoma, give information that on the 5th day of March, A. D. 1910, in said county of Alfalfa and state of Oklahoma, one Ballard Bridges was, at the March term of the district court of said county and state, ordered by the court by journal entry, made and entered of record in civil case No. 228 in said court, wherein Effie Bridges was plaintiff and Ballard Bridges was defendant, then and there on March 5, 1910; that the said Ballard Bridges, defendant, pay to the plaintiff the gross sum of $1,000 and the further sum of $20 per month as alimony for the maintenance and support of the plaintiff, Effie Bridges, and their infant child, Zelma Bridges, and $25 into court as attorney's fees for the plaintiff and the cost of said action; that nevertheless the said Ballard Bridges unlawfully and contemptuously did neglect and refuses to pay any part thereof or the interest thereon as by said journal entry he was required to do; and that the said Ballard Bridges has not, at any time since said judgment, complied with the said journal entry, although often required so to do, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Oklahoma."

Upon arraignment a demurrer was interposed, on the ground "that the information does not state facts sufficient to constitute a public offense." Upon considering the demurrer it was overruled by the court and exception allowed. The case was called for trial, and after hearing the evidence, the court rendered judgment, which is in part as follows:

"The court, being fully advised in the premises, finds said defendant guilty of contempt of this court, as charged, in failing and refusing to obey the order, judgment, and decree of this court heretofore made and entered. And the court having overruled defendant's motion for a new trial herein, which is excepted to by the defendant, and now the defendant is informed of the nature of the charge against him and of the judgment of the court herein. And now the defendant is asked by the court if he has any legal cause to show why judgment and sen-

tence should not be pronounced against him, and, said defendant giving no good reason in bar thereof, the court finds the defendant, Ballard Bridges, guilty as charged herein, and that he be punished therefor by imprisonment in the county jail of Alfalfa county, Okla., for a period of 10 days, and by a fine of $40."

To reverse the judgment the defendant appealed. The Attorney General has filed a motion to dismiss the appeal, on the ground that the proceeding was civil, and this court has no jurisdiction.

We think the motion to dismiss is not well taken. This was a proceeding prosecuted in the name of the state of Oklahoma, on an information signed and presented by its prosecuting officer, and while upon an examination of the record it is plain that the proceedings were had upon an erroneous theory and mistaken view of the law, as the facts only tend to show a civil contempt, yet the judgment of conviction and sentence imposed was not for the purpose of enforcing an order of the court allowing alimony, to the end that plaintiff in error should be compelled to comply with such order, but as punishment for a supposed offense, or for a criminal contempt, and a person imprisoned as punishment for a criminal contempt is imprisoned in execution under a sentence for a crime. For this reason the proceeding was not remedial, but was criminal in character; therefore the proceeding is reviewable on appeal to this court.

In *Burnett v. State,* 8 Okla. Cr. 639, 129 Pac. 1110, it is said:

"'Criminal contempts' are all those acts or conduct in disrespect of the court or its process, or which obstruct the due administration of justice, or tend to bring the court into disrepute," and "' civil contempts' are those quasi contempts which consist in failing to do something which the contemner is ordered by the court to do for the benefit or advantage of another party to the proceedings."

In *Flathers v. State,* 7 Okla. Cr. 668, 125 Pac. 902, it is held that "disobedience to an order of the district court, or judge thereof, to pay alimony in a divorce action is not a criminal contempt," and that "a proceeding against a party

for contempt for an alleged violation of an order of the court in a civil action is a civil proceeding."

The facts alleged in the information do not constitute an offense, nor does the information charge a criminal contempt. For this reason the demurrer thereto should have been sustained, and the court erred in overruling the same.

In a contest between private litigants the state has no interest and the county attorney was without authority to file an information in this case, and the district court had no jurisdiction to render the judgment of conviction and sentence.

The judgment of the district court of Alfalfa county is therefore reversed.

ARMSTRONG, P. J., and FURMAN, J., concur.