**SANTA ANNA GAS CO. et al. v. COLEMAN GAS & OIL CO.**

No. 6559.

Circuit Court of Appeals, Fifth Circuit.

Dec. 2, 1932.

R. R. Holloway and Sterling C. Holloway, both of Brownwood, Tex., for appellants.

E. M. Critz, of Coleman, Tex., for appellee.

Before BRYAN, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee and the Santa Anna Gas Company are public service corporations, engaged in competition with each other in the business of selling and distributing natural gas in the city of Santa Anna, appellee under a franchise granted in 1912, appellants under one granted in 1928.

By ordinances dated August 6 and November 25, 1931, the city of Santa Anna, purporting to act under the authority of article 1119, Revised Civil Statutes of Texas as amended in 1931 (Vernon's Ann. Civ. St. art. 1119), established a schedule of rates and charges ranging from 50 to 35 cents per thousand cubic feet in accordance with the amount of gas used, and fixing a minimum charge of $1 for the first 2,000 feet.

Following their enactment, appellee applied to the city commission for authority to put into effect a lower schedule of rates, with a minimum charge of 50 cents and a net footage rate of 35 cents per thousand. The Commission refused to accept this schedule, or authorize appellee to make it effective, whereupon appellee put it into effect anyway. The Santa Anna Gas Company then in cause No. 4986A, in the District Court of Coleman county, Tex., on allegations that appellee's action in making the lower rates effective was illegal, sought and obtained a temporary injunction restraining appellee from selling gas at rates below those which the ordinance prescribed.

On January 22d, appellee filed its bill in the District Court of the United States for the Northern District of Texas against the Santa Anna Gas Company and the city of Santa Anna, alleging in substance that the enforcement of the rates prescribed by the ordinance operated to take its property without compensation, by depriving it of its constitutional right of effective competition, and asking an injunction against enforcement. A hearing on the application for a temporary restraining order resulted in the following order:

"It is therefore ordered, considered and decreed by the Court and the Judge thereof in chambers, that a temporary restraining order and injunction be and the same is hereby granted to the complainant Coleman Gas & Oil Co., a corporation, against the defendants Santa Anna Gas Company, a corporation, the City of Santa Anna, a municipal corporation, and its City Commission and the members thereof, to-wit, W. E. Baxter, Mayor, and J. E. Bartlett and J. B. Lowe, Commissioners, restraining them and each of them, their agents, servants and attorneys, and any one acting by or for them and each of them, from further enforcing or attempting to enforce the ordinances in question of August 6, 1931, and November 25, 1931, referred to and set out as exhibits to complainant's bill herein, and from attempting to enforce, by contempt proceedings, the preliminary injunction granted in Cause No. 4986A in the District Court of Coleman County, Texas, prior to the final determination of said cause upon its merits, subject to the further orders of this Court; provided, however, that the defendant, Santa Anna Gas Company, is not restrained from prosecuting to a final judgment said cause No. 4986A against the party defendant, and asking the relief therein prayed for, and the defendants are not restrained from prosecuting the criminal proceedings already instituted against the complainant and its employees. And defendants, other than Santa Anna Gas Co. are enjoined from making themselves parties to said Cause No. 4986A or asking any relief as therein prayed."

From that order this appeal is prosecuted.

Appellee moves to dismiss the appeal on the ground that the matter it brings up for review has become moot. It shows that, since the appeal was taken, cause No. 4986A, Santa Anna Gas Company v. Coleman Gas & Oil Co., in the District Court of Coleman County, Texas, has proceeded to final hearing, and judgment has been entered in it making final the temporary injunction theretofore granted, restraining the Coleman Gas & Oil Company from putting into effect or maintaining the rates complained of, or any other rates except those prescribed by the ordinances.

We agree with appellee that there is nothing before us for decision; that the issue raised by the appeal, the correctness of the court's action in granting the temporary injunction, has become moot. The proper order to be entered by us, however, is not a dismissal of the appeal, but a reversal, with directions to vacate the order.

If this were a case like City of Paducah v. Paducah Water Co. (C. C. A.) 258 F. 20, or Kunze v. Auditorium Co. (C. C. A.) 52 F. (2d) 444, and cases cited in it, in which the entire controversy had become moot, the order should be reversed, with directions to vacate the order and dismiss the bill. Since, however, the merits of the controversy are still in litigation in the state court, an appeal having been prosecuted from its decree, the proper order in this case is the one entered in Dakota Coal Co. v. Fraser (C. C. A.) 267 F. 130, and cases cited, an order reversing and remanding the cause, with directions to set aside and vacate the order granting the temporary injunction, and to retain the cause for such action on the motion to dismiss or otherwise on the merits as the parties may be advised to take.

Judgment reversed, and cause remanded.