**RIVERS, Governor of Georgia, et al. v. MILLER.**

**No. 9469.**

Circuit Court of Appeals, Fifth Circuit.

May 1, 1940.

Rehearing Denied June 11, 1940.

---

SIBLEY, Circuit·Judge, dissenting in part.

Ellis Arnall, Herschel E. Smith, M. F. Goldstein, B. D. Murphy, Robert S. Sams, and Henry B. Troutman, all of Atlanta, Ga., and J. B. Copeland and O. H. Dukes, both of Valdosta, Ga., for appellants.

James A. Branch and Thomas B. Branch, Jr., both of Atlanta, Ga., and O. W. Franklin, of Valdosta, Ga., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee, plaintiff below, is Chairman of the State Highway Board, appellants, defendants below, are respectively, governor and adjutant-general, of the State of Georgia. The suit was for an injunction restraining defendants from preventing the enforcement of the orders of the Superior Court of Lanier County, and from interfering with plaintiff in the exercise of his rights and duties as Chairman of the State Highway Board. The claim generally stated was, that in violation of the Fourteenth Amendment and of the laws of the United States, defendants, in deprivation of plaintiff's civil rights, were denying him the equal protection of the laws, and were depriving him of his property without due process of law, in that the defendant Rivers, as Governor of Georgia, had issued an order undertaking and purporting to remove plaintiff as Chairman of the State Highway Board and purporting to appoint one Patten in his place. And defendants thereafter had by force and arms removed plaintiff bodily from his official quarters and by force and arms prevented his access thereto, for the discharge of his duties as Chairman. Particularizing, plaintiff alleged; that he duly sued in the Superior Court of Lanier County for and obtained, interlocutory injunctions restraining Patten, Griffin, Skelton, Stoddard and others, their agents and employees, acting for and under the orders of defendant Rivers, from interfering with or molesting plaintiff in the performance of his duties as Chairman and requiring his books and records and access to his office to be restored to him; and later obtained a contempt order against Stoddard and Skelton for disobedience thereto; but that defendants by the issuance by defendant Rivers, of a pretended proclamation of martial law and a pardon to Skelton and Stoddard, have defied and disobeyed the state court orders and have refused to permit plaintiff access to his quarters in the Highway Department and to discharge therein, the duties of his office, and they will continue to disobey, defy and flout the orders of the state court and prevent plaintiff from discharging the duties of his office unless they are enjoined by this court from so doing. There was a prayer for summons and for the issuance of a rule nisi, requiring

defendants to appear in Macon, in the Middle District of Georgia, to show cause why an interlocutory injunction should not be issued, enjoining them from interfering with the enforcement of the judgments of the Superior Court of Lanier County, Georgia, and from interfering with him in the performance of his duties as Chairman of the State Highway Department.

Summons on the complaint and on the order to show cause having been served on the defendants in Fulton County, the application for interlocutory injunction came on to be heard on February 15, 1940, and on February 19th, upon findings in complete accord with the undisputed facts, the District Judge concluded that plaintiff was entitled to the interlocutory relief he prayed, and ordered that a writ of injunction issue, restraining the defendants from interfering with, preventing, attempting to prevent, hindering or attempting to hinder or obstruct and impede the enforcement of the state court judgments. The order provided however "if in any of the Lanier County Cases, the Supreme Court of Georgia on appeal should render a judgment which would make it proper to revoke or, modify this order, defendants upon notice, may apply to the court for such revocation or modification."

Thereafter, on March 1, the defendants defying and disobeying the injunction of the federal court restraining them from disobeying the state court injunctions and continuing, despite said state and federal court injunctions, to prevent plaintiff from occupying his quarters and effectively discharging his duties as Chairman of the State Highway Board, plaintiff filed a petition in the suit showing these facts and praying that defendants be cited and upon hearing, held to be in contempt and dealt with accordingly. A show cause order requiring appearance on March 8th was served on defendants in Fulton County, in the Northern District; and on the date fixed, reserving all questions of jurisdiction, they appeared and moved the court to dissolve and vacate the order theretofore entered and dismiss the cause for lack of jurisdiction over the persons of defendants, the lack of jurisdiction claimed being that the defendants were not residents of Lanier County in the Middle District of Georgia but of Fulton County, in the Northern District of Georgia; that they had not been served with process in the Middle District of Georgia and that process of the court could not issue to the Northern District.

This motion overruled, the defendants still not waiving but reserving all questions of jurisdiction and venue, further answering, set up that plaintiff's complaint failed to state a cause of action arising under the Federal Constitution and laws, for that plaintiff's suit was to protect a right purely political in its nature and not a right of person or property.

In a letter to the Judge but given to the newspapers and offered as evidence, the defendant Rivers, protesting the jurisdiction of the court, said: "I unhesitatingly say to you that when a final and complete adjudication of all the issues involved in this dispute is had in the Supreme Court of Georgia, it is my intention to comply with its judgment." Thereafter in an order[1] entered March 15th, the court overruled the motion to quash service and to dismiss, found the defendants each guilty of contempt in having violated the injunction of February 19th, and that said contempt is a continuing one, and ordered that

---

[1] Civil Contempt Proceeding.
Filed March 15, 1940, at 7 P. M.
United States District Court.
Miller v. Rivers.

The rule nisi issued in the above stated cause on March 1, 1940, requiring the defendants, E. D. Rivers, Governor of the State of Georgia, and John E. Stoddard, Adjutant General of the State of Georgia, to show cause why they and each of them should not be held and adjudged in contempt, having come on for hearing at the time and place designated in said rule nisi, and said defendants having appeared through counsel and filed a motion to quash service and to dismiss and a response to the said ruling, and the Court having heard evidence and argument of counsel and having considered the same, it is now Found, Ordered and Adjudged by the Court as follows:

The motion to quash service and to dismiss is overruled. The Court finds that the said defendants are and each of them is guilty of contempt in having violated the injunction issued in this cause on the 19th day of February, 1940, and that said contempt is a continuing contempt in that the said defendants continued to violate said injunction. It is thereupon Adjudged and Ordered that said defendants are and each of them is guilty of contempt. Whereupon, it is now Ordered that each of said defendants, E. D. Rivers, Governor of the State of Georgia, and John E. Stoddard, Ad-

said defendants "be taken into custody by any United States Marshal, and forthwith brought before the court to be dealt with as the court may determine to be proper and in accordance with the law." Whereupon and before the defendants had been taken into custody or any further order had been made, defendants, on March 18th, gave notice of appeal from the order and judgment entered "on the 15th of March, 1940, overruling the motion of defendants to quash service and to dismiss the action and further adjudging the defendants to be guilty of contempt and ordering them to be taken into custody by any United States Marshal." And their application for supersedeas having been denied, on the ground that no harm or injury could result to defendants from obeying the order while plaintiff is directly harmed by being prevented from discharging his duties, appellants applied to this court for and obtained an order[2] staying proceedings pending appeal and the appeal was set for hearing on April 23.

On that day, the appellants appeared and in open court made it known that the Supreme Court of Georgia had affirmed the judgments of the Superior Court of Lanier County, to prevent interference with the enforcement of which, plaintiff had applied to the federal court for an injunction and that the defendant Rivers, had by orders and proclamations removed all impediments to the full and free exercise by plaintiff of his rights and duties as Chairman and that plaintiff had entered upon and was exercising and enjoying them. See Patten v. Miller, Ga.Sup., 8 S.E.2d 757; Id., Ga.Sup., 8 S.E. 776; Id., Ga.Sup., 8 S.E.2d 786.

Whereupon it became apparent of record that the appeal insofar as the order for the interlocutory injunction was concerned, had now become moot, and because thereof, that order should be reversed if the appeal has properly brought that order up for review. Appellee thereupon suggested to the court that the appeal should be dismissed because not an appeal from an order granting or refusing to dissolve an interlocutory injunction but an effort to appeal a contempt proceeding, not final and appealable both because the appeal was premature, no order having been entered except one adjudging that defendants were guilty of contempt and that they should be dealt with accordingly, and because the proceeding being one in civil contempt, the order is one in its nature, not appealable.

■ While we agree with appellee that so much of the order as adjudged defendants guilty of contempt is not appealable and is therefore not before us,[3] we think that the appeal was from the order refusing to dissolve the interlocutory injunction and that the appeal may not be dismissed. It remains to consider only whether the cause should be reversed with directions to vacate the order and dismiss the bill, as is the rule where no substantial matter remains to be determined and the whole cause is therefore moot,[4] or whether there is anything of substance remaining to be disposed of which would require an order as in the Santa Anna and Dakota cases, reversing and remanding the cause with directions to set aside and vacate the order granting the temporary injunction and to retain the cause for such further action

jutant General of the State of Georgia, be taken into custody by any United States Marshal in this State or their deputies, and forthwith brought before the Court to be dealt with as the Court may determine to be proper and in accordance with the law.

This the 15th day of March, 1940.

Bascom S. Deaver,
U. S. District Judge.

2 PER CURIAM:
An appeal having been taken to this Court in the above stated cause and a motion made to stay further proceedings in the District Court pending the appeal, upon hearing said motion, it appearing that the jurisdiction of the District Court as a Federal Court, and also its jurisdiction over the persons of appellants is seriously questioned, it is ordered that further proceedings under the judgment appealed from be hereby stayed until the further order of this Court.

3 Fox v. Capital Company, 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67; Doyle v. London Guarantee & Accident Co., 204 U.S. 599, 27 S.Ct. 313, 51 L.Ed. 641; In re Christensen, 194 U.S. 458, 24 S. Ct. 729, 48 L.Ed. 1072; Worden v. Searls, 121 U.S. 14, 7 S.Ct. 814, 30 L. Ed. 853.

4 Brownlow v. Schwartz, 261 U.S. 216, 43 S.Ct. 263, 67 L.Ed. 620; Railroad Comm. v. MacMillan, 287 U.S. 576, 53 S.Ct. 223, 77 L.Ed. 505; Bracken v. Securities & Exchange Co., 299 U.S. 504, 57 S.Ct. 18, 81 L.Ed. 374; Santa Anna Gas Co. v. Coleman, 5 Cir., 61 F. 2d 975; Dakota Coal Co. v. Fraser, 8 Cir., 267 F. 130, and cases cited and discussed in it.

on the contempt proceeding as the parties may be advised to take.

The difference between a civil, as distinguished from a criminal, contempt proceeding, is that the civil contempt is brought for the protection of plaintiff in the rights given him by the order, including reparation or indemnity as to losses suffered through its disobedience. Leman v. Krentler-Arnold Co., 284 U.S. 448, 52 S.Ct. 238, 76 L.Ed. 389; Gompers v. Buck's Stove & Range Co., 221 U.S. 148, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874. In such a proceeding the court, as part of its order, may fine or otherwise charge the defendant with the expenses and damages caused to plaintiff by the disobedience of the order which constitutes the contempt. Leman v. Krentler-Arnold Co., supra; Worden v. Searls, 121 U.S. 14, 27, 7 S.Ct. 814, 30 L.Ed. 853; Vilter Mfg. Co. v. Humphrey, 132 Wis. 587, 112 N.W. 1095, 13 L.R.A.,N.S., 591; State v. Northshore Boom Company, 67 Wash. 317, 121 P. 467, Ann.Cas.1913D, 456, page 457; Root v. McDonald, 260 Mass. 344, 157 N.E. 684, 54 A.L.R. 1422. If, therefore, a substantial claim for damages for the disobedience of the federal injunction, different in nature or extent from that sustained from disobedience of the state court injunctions, could conceivably be presented, we should not direct a dismissal of the cause.

It appears, however, throughout the proceeding that the injunction was sought and granted only as ancillary to and in support of state court injunctions, that the thing enjoined was disobedience of these injunctions, and that the damage, if any, caused plaintiff by the disobedience of the federal injunction is not, in nature or extent, different from that caused him by the disobedience of the state court injunctions to secure compliance with which the federal court injunction was sued out. No object or purpose will therefore be served in directing this cause, which, on its merits, has been made moot, to be retained for further proceedings on civil contempt and the order will therefore be one reversing the injunction order and remanding the cause with direction to dismiss it as moot. Costs of the appeal to be taxed against appellants.

Reversed and remanded.

SIBLEY, Circuit Judge (dissenting in part).

I agree with all of the opinion except the last paragraph. I think the interlocutory injunction is moot and ought to be dissolved as of this date. The proceeding for contempt is not entirely moot, as pecuniary reparation may yet be sought on it if the Court has jurisdiction of the persons of the defendants and as a federal court—questions not yet finally decided. The entire cause ought not to be by this court dismissed.