John B. ANDERSON et al., Plaintiffs,

v.

FEDERAL ELECTION COMMISSION,
Defendant.

No. 80–1664.

United States Court of Appeals,
First Circuit.

Argued Oct. 21, 1980.

Decided Oct. 24, 1980.

Daniel R. Chemers, Washington, D. C., with whom D. Brock Hornby, Perkins, Thompson, Hinckley & Keddy, Portland, Me., Larry D. Sharp, Edward J. Westbrook, Bergson, Borkland, Margolis & Adler, Mitchell Rogovin, William R. Robertson, and Daniel J. Swillinger, Washington, D. C., were on motion for a preliminary injunction.

Kathleen Imig Perkins, Assistant General Counsel, Washington, D. C., with whom Charles N. Steele, General Counsel, and Deborah E. McFarland, Atty., Federal Election Commission, Washington, D. C., were on memorandum in opposition to motion for a preliminary injunction.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This action for injunctive relief was filed by Congressman John B. Anderson, a candidate for President, the National Unity Campaign 441a(d) Committee, and three individual plaintiffs. It challenges the constitutionality of certain provisions of the Federal Election Campaign Act, 2 U.S.C. § 431 *et seq.* (the Act). Plaintiffs allege that sections 441a(a)(1)(B)[1] and 441a(d)(1)[2] of the Act are facially invalid because they infringe upon the plaintiffs' first amendment rights of free speech and association,

---

1. Section 441a(a)(1)(B) provides:
   (1) No person shall make contributions–

    (B) to the political committees established and maintained by a national political party,

2. See note 2 on pgae 4.

**4**

and their rights of equal protection under the fifth amendment.

Plaintiffs state that candidate Anderson seeks office as an independent and has disavowed traditional party ties with respect to his presidential campaign. They argue that the Act favors national political party candidates by enabling "political committees established and maintained by a national political party" to receive amounts up to $20,000 from each individual contributor, and by allowing such national committees to funnel up to $4.7 million to the party's presidential candidate.[3] Such alleged discrimination, they claim, violates their rights of equal protection under the fifth amendment.

Plaintiffs also raise several first amendment claims. They allege that by shutting off Anderson's right to solicit such contributions, the statute severely abridges his freedom of speech by impairing his ability to disseminate his views. Plaintiffs also charge that the provisions in question infringe upon the first amendment rights of an Anderson supporter who has contributed the $1,000 limited to an individual candidate[4] but cannot contribute any additional money to the Anderson campaign. They further claim that the Campaign Act impinges upon plaintiff Anderson's first amendment right not to form a political party because the allegedly severe restrictions on contributions by supporters of a nonparty candidate "inevitably" lead to pressure on the candidate to form a "party in violation of his own and his supporters' political beliefs."

On October 14, 1980, the district court acting pursuant to 2 U.S.C. § 437h[5] certified to this court the following questions concerning the constitutionality of the Act:

1. Do 2 U.S.C. § 441a(a)(1)(B) and 2 U.S.C. §§ 441a(d)(1), (2) unconstitutionally infringe upon plaintiffs' Fifth Amendment due process rights of equal protection?

2. Do 2 U.S.C. § 441a(a)(1)(B) and 2 U.S.C. §§ 441a(d)(1), (2) unconstitutionally infringe upon plaintiffs' First Amendment rights of speech and association?

The district court denied the plaintiffs' motion for a preliminary injunction because, under the statute, it believed it was not the appropriate forum to grant relief and, as a practical matter, were the relief requested granted, it would be not preliminary but permanent. The court also declined to rule upon defendant's motion to dismiss. The court did find the facts as incorporated in the stipulation of facts filed by the parties.

We have before us the plaintiffs' request for a preliminary injunction to "prevent the Federal Election Commission from inhibiting individuals from contributing up to

which are not the authorized political committees of any candidate, in any calendar year which, in the aggregate, exceed $20,000[.]

2. Section 441a(d)(1) states:

(1) Notwithstanding any other provision of law with respect to limitations on expenditures or limitations on contributions, the national committee of a political party and a State committee of a political party, including any subordinate committee of a State committee, may make expenditures in connection with the general campaign of candidates for Federal office, subject to the limitations contained in paragraphs (2) and (3) of this subsection.

3. Section 441a(d)(2) provides that the national committee of a political party may expend in connection with the general election campaign of its Presidential candidate an amount equal to two cents multiplied by the voting age population of the United States ($4.7 million for the November 1980 general election) despite the expenditure limitation ($29.4 million) imposed by Section 441a(b) upon presidential candidates who elect to receive federal funding pursuant to the Presidential Election Campaign Fund Act, 26 U.S.C. § 9001 et seq.

4. No person shall make any contributions—

(A) to any candidate and his authorized political committees with respect to any election for Federal office which, in the aggregate, exceed $1,000.

5. Section 437h(a) provides in pertinent part:

The district court immediately shall certify all questions of constitutionality of this Act to the United States court of appeals for the circuit involved, which shall hear the matter sitting en banc.

$20,000 to the National Unity Campaign 441a(d) Committee or inhibiting that committee from spending up to $4.7 million in connection with the presidential campaign of John B. Anderson." Defendant Federal Election Commission has moved to dismiss or remand to the district court for an evidentiary hearing so it can make the appropriate factual findings necessary for us to decide the certified questions.

The posture of the case before us is unusual. Plaintiffs did not commence this action until late in the campaign—on September 6. Plaintiffs' counsel stated at oral argument that they did not pursue their present course earlier because they expected to raise the necessary preelection funds through $1,000 contributions. Plaintiffs now request a preliminary injunction for the pendency of this litigation which would in effect allow contributors to donate $20,-000 to the Anderson campaign and could enable candidate Anderson to raise the preelection funds he seeks. The presidential election is less than two weeks away and, as the parties recognize, a final decision on the merits may not be forthcoming until after the election, even with the expedited procedures. Thus, if the plaintiffs' claims are ultimately denied on the merits, an anomalous situation would arise in which the plaintiffs would get the benefit of the preelection relief they sought, but to which they were not entitled.

A further factor complicating resolution of this case is that the record is devoid of a factual basis upon which the plaintiffs' constitutional claims can be assessed. As the parties stipulated, neither the plaintiffs nor the National Unity Campaign requested the FEC to render an advisory opinion with respect to the issues before this court.[6] Had the plaintiffs sought an advisory opinion, even as late as September 6 (the date this action was filed in federal court), the FEC would have been required to issue a ruling within twenty days—September 26.

2 U.S.C. § 437f(a)(2). If the case then moved to the federal court, we would likely have had more facts before us than we do presently and would have been better able to evaluate plaintiffs' constitutional claims. Whether the contributions in question would violate the Act can only be determined within the context of a factual framework. For instance, in order to assess the equal protection challenge, it would be necessary to determine if the National Unity Campaign 441a(d) Committee and a national party committee are similarly situated. The first amendment claim might well depend on how Section 441a(a)(1)(B) actually operates. What may facially appear to be a disparate limitation on expenditures might not in practice have that effect. In the absence of such a factual record, it would be inappropriate to issue an injunction. We remand to the district court for further development of the facts on the constitutional claims.[7]

*SO ORDERED.*

---

**6.** In an advisory opinion, the FEC determined that the Anderson campaign was eligible for post election funding. *Entitlement of John Anderson for Post Election Public Funding*, A.O. 1980–96 (9/4/80).

**7.** We wish to make it clear that nothing in this opinion is to be construed as a suggestion or ruling on the constitutionality of the statute.