BETHLEHEM STEEL CORPORATION, PLAINTIFF *v.* UNITED STATES, DEFENDANT, and Arbed S.A., Cockerill-Sambre, S.A., Klockner-Werke A.G. and N. V. Sidmar S.A.; and Thyssen A.G.; and Sacilor, Acieries et Laminoirs de Lorraine and Aktiengesellschaft der Dillinger Huettenwerke; and Stahlwerke Peine-Salzgitter A.G.; and Estel Hoogovens B.V., defendant-intervenors

Court No. 82-9-01274

## Memorandum Opinion and Order

### (Decided October 13, 1982)

Law Offices of Eugene L. Stewart (Eugene L. Stewart and Terence P. Stewart of counsel); Law Department, Bethlehem Steel Corporation (Curtis H. Barnette, General Counsel; Meredith Hemphill, Jr., Assistant General Counsel; Laird D. Patterson and Roger W. Robinson, General Attorneys) for plaintiff Bethlehem Steel Corporation.

J. Paul McGrath, Assistant Attorney General, David M. Cohen, Director, Commercial Litigation Branch (Francis J. Sailor, Civil Division) for defendant United States.

Graubard, Moskovitz, McGoldrick, Dannett & Horowitz (John A. Young of counsel) for defendant-intervenors Arbed S.A., Cockerill-Sambre S.A., Klockner-Werke A.G. and N.V. Sidmar S.A.

Graubard, Moskovitz & McCauley (Alfred R. McCauley and Beatrice A. Brickell of counsel) for defendant-intervenor Thyssen A.G.

Windels, Marx, Davies & Ives (Pierre F. de Ravel d'Esclapon of counsel) for defendant-intervenors Sacilor, Acieries et Laminoirs de Lorraine and Aktiengesellschaft der Dillinger Heuttenwerke.

Arent, Fox, Kintner, Plotkin & Kahn (Stephel L. Gibson of counsel) for defendant-intervenor Stahlwerke Peine-Salzgitter A.G.

Sharrets, Paley, Carter & Blauvelt (Gail T. Cumins and Peter O. Suchman of counsel) for defendant-intervenor Hoogovens B.V.

Law Offices of Robert M. Gottschalk (Robert M. Gottschalk of counsel) for defendants-intervenors Union Siderurgique du nord et de l'est de la France and Forges de Clabecq.

WATSON, *Judge:* By this motion plaintiff raises the question of whether conventional rules of discovery, about whose liberal scope there is no dispute, apply in this action to force the Department of Commerce (DOC) to disclose confidential information.

Plaintiff brought this action under Section 777(c)(2) of the Tariff Act of 1930 (19 U.S.C. § 1677f(c)(2)) after the DOC rejected its applications for the release of confidential information submitted by foreign steel firms. Thereafter the DOC's application to file with the Court only samples of the confidential information was denied in light of 28 U.S.C. § 2635(c). In addition, all applications for intervention by those whose information is involved have been granted.

In the interim, the DOC has decided to release computer printouts to outside counsel. Consequently, as it now stands, this action is designed to force the DOC to release computer tapes and customer names to plaintiff's outside counsel and to release questionnaire responses, computer tapes, computer printouts and customer names to plaintiff's corporate (in-house) counsel.

The short answer to plaintiff's motion for discovery in aid of this action is that it cannot be granted because discovery is the end of this action, not the means to the end.

This is a special action designed to obtain confidential information for use in an administrative proceeding. In essence it is the separation into a distinct action of discovery disputes which normally arise in the context of larger actions. Some of the intervenors [1] have made the persuasive comparison between this action and the case of *Giza* v. *Secretary of Health, Education, and Welfare,* 628 F. 2d 748 (1st Cir. 1980) where discovery of a doctor's testimony in a Federal action (brought to obtain evidence for use in a State action) was not permitted because the securing of that testimony was one of the objects of the Federal lawsuit.

Defendant and the intervenors generally, have made a persuasive analogy to case law which discourages the granting of preliminary injunctions when to do so would be the equivalent of giving plaintiff a final adjudication. *Selchow & Righter Co.* v. *Western Printing & L. Co.,* 112 F. 2d 439, 431; *see also Anderson* v. *Federal Election Commission,* 634 F. 2d 3, 5 (1st Cir. 1980); *Chris-Craft Industries, Inc.* v. *Bangor Punta Corp.,* 426 F. 2d 569, 573 (2nd Cir. 1970); *Dorfmann* v. *Boozer,* 414 F. 2d 1168, 1173, n. 13 (D.C. Cir. 1969); *Associated Dry Goods Corp.* v. *United States,* 1 CIT 306, 515 F. Supp. 775, 780 (1981).

The granting of this discovery motion would have the same tendency and, since it is preferable to reserve complete relief for the final disposition of an action, the motion is inconsistent with that objective.

Other intervenors [2] have correctly pointed to the anomaly of having the right to appeal a final decision in this action obviated by the granting of relief to plaintiff at a discovery stage.

All these difficulties with plaintiff's motion are avoided if the statutes governing this action are given a simple and straightforward reading. The statutes do not contemplate discovery of the confidential material during the course of the action. When 19 U.S.C. § 1677f(c)(2) is read in conjunction with 28 U.S.C. § 2635(c) it becomes clear from the latter that "the confidential status of such information shall be preserved in the civil action." *In camera* examination by the Court is the only examination provided during the pendency of the action.

It is not unreasonable to expect that a party can adequately express its need for this information based on its general understanding of the nature of the information. In this manner the ultimate meaningfulness of the action is preserved.

For the above reasons plaintiff's motion for discovery is denied.

---

[1] Thyssen A.G., Arbed, S.A., Cockerill-Sambre S.A., Klockner-Werke A.G., and N.V. Sidmar.

[2] Sacilor and Dillinger.