### ROCHER v. WILLIAMS et al.

No. 28283. Nov. 1, 1938.

W. T. Jeter, for plaintiff in error.

Hollis Arnett, for defendants in error.

DAVISON, J. This is an appeal from a judgment of the district court of Greer county.

The record discloses that the defendants

in error, J. H. Williams and T. L. Williams, filed with the district court their verified application asking that citation issue citing the defendant, John Rocher, to appear before the court on a day certain to show cause why he should not be punished for contempt in violating the previous order and decree of the court perpetually enjoining the defendant from maintaining and, or operating any system of ditches, dikes, dams, or levees or any other system which will divert the surface or flood waters from the lands of the defendant or the lands of any other person into the section line or into the lands of the plaintiffs.

The order for citation was given and citation for contempt issued by the court. The defendant filed his reply and denial to the application and order of citation.

The cause was tried to a jury. Evidence was introduced. Under the instructions of the court, the jury returned a verdict finding the defendant guilty of contempt of court. Thereupon the court rendered judgment upon the jury's verdict and assessed a fine of $50 and costs against the defendant and ordered the defendant to make a bond in the sum of $500 for the faithful performance of the order theretofore granted. It is from this judgment that the defendant has appealed.

The defendant's contentions of error are based upon the action of the court in overruling the defendant's demurrer to the evidence of the plaintiffs and in overruling the defendant's motion for an instructed verdict.

These contentions of error will be considered together. The contentions seem to be thrust at the form of the proceedings, including the complaint upon which the order and citation were issued. The defendant contends that it was impossible to determine from the complaint and prayer thereof whether the proceeding was being prosecuted for the use and benefit of the defendants in error or to vindicate the dignity of the court. It is contended that if the relief was to be remedial and for the benefit of the plaintiffs below, the prayer of the petition should ask that the respondent be fined for their use and benefit. It is further contended that if the complaint was intended as a prosecution in vindication of the court's power and dignity, it should have been styled, "State of Oklahoma v. John Rocher"

Section 1956, O. S. 1931 (21 Okla. St. Ann. sec. 565), defines "direct" and "in-

direct" contempt. It is provided as to indirect contempt:

"Indirect contempts of court shall consist of willful disobedience of any process or order lawfully issued or made by the court; resistance willfully offered by any person to the execution of a lawful order or process of a court."

Section 1958, O. S. 1931 (21 Okla. St. Ann. sec 567), provides:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have a reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

In Morgan v. National Bank of Commerce of Shawnee, 90 Okla. 280, 217 P. 388, this court held:

"The proceedings for the punishment of contempt are of two classes: First, those instituted and prosecuted to preserve the power and vindicate the dignity of the court, where the punishment imposed is punitive in its nature; such a proceeding is in the nature of a criminal proceeding. Second, where the proceedings are instituted to preserve and enforce the rights of individuals to an action in order to afford remedial relief; such a proceeding is civil in its nature.

"In a proceeding in an indirect contempt, in order to vest the court with jurisdiction, it is necessary that a complaint be filed, stating the facts constituting the contempt, and the facts should be stated with sufficient particularity so as to inform the accused as to the nature of the proceeding instituted against him, and a complaint failing to state such facts is fatally defective."

In that case it was clearly shown that the complaint charging Morgan with contempt failed to show what the contempt consisted of, and from which it could be seen and known by the party charged whether the contempt charged was direct or indirect contempt. The complaint was held to be fatally defective. This case is cited and relied upon by the defendant.

In the instant case in the complaint asking for citation against the defendant it was stated that the defendant was violating the provisions of a permanent and perpetual injunction issued against the defendant, restraining him from maintaining or operating a system of ditches, dikes, dams, or any other system calculated to divert the surface or flood waters from the lands of defendant or other persons into the section line or upon the lands of the plain-

tiffs; that the order of the court has been disregarded and violated by the defendant in constructing new and additional works, ditches, dikes, and dams which have diverted the surface water from the adjacent lands upon the lands of the plaintiffs; that the plaintiffs are threatened with violence in the event of interference therein.

The citation issued by the court to the defendant to show cause also showed fully what was alleged to constitute violation of the court's order upon which contempt was predicated.

In defendant's reply to the application for citation and the citation issued by the court, no exceptions were made to the complaint or request made to make the pleadings more specific as to the classification of the contempt alleged, but it was alleged, among other things, that the defendant had attempted to and was still attempting to comply with the order of the court. The kind of contempt with which the defendant was charged was in each proceeding plainly shown to be indirect contempt in the alleged violation of and willful disobedience of the order and decree of the court relative to and for the purpose of protecting the property of the plaintiffs.

This court will not lend aid, upon technical grounds in pleadings, to a defendant who has been charged with and convicted by a jury of willfully violating injunctive orders of the court.

"Willful disobedience of an order of the court in a civil action is not criminal contempt; in such a case the punishment is only ordered for the purpose of enforcing such order." Flathers v. State, 7 Okla. Cr. 668, 125 P. 902.

In the instant case, the defendant was entitled to, and was granted, a jury trial. The record shows that the defendant had a fair trial and was convicted of contempt. The fine of $50 is not excessive.

Finding no error, the judgment of the trial court is affirmed.

OSBORN C. J., BAYLESS, V. C. J., and PHELPS. CORN, GIBSON, and HURST, JJ., concur. RILEY and WELCH, JJ., absent.