## SEIFRIED v. STATE ex rel. BASH.

No. 28239. Jan. 17, 1939.

Rehearing Denied Feb. 7, 1939.

Joe W. Simpson and Powell Clayton, for plaintiff in error.

John M. Goldesberry and Gerald B. Klein, for defendant in error.

CORN, J. This is an appeal from a judgment of the common pleas court of Tulsa county citing defendant for contempt for violation of an injunction theretofore rendered against him. We shall refer to the parties as they appeared in the court below.

Plaintiff filed a verified application asking that citation for contempt issue for defendant to appear and show cause why he should not be punished for violation of a temporary injunction previously granted against him. Citation for contempt was issued.

Plaintiff then filed an accusation of contempt, setting forth specifically the manner in which defendant had violated the injunction, and defendant's demurrer thereto was overruled. Thereafter the court allowed plaintiff to amend his pleadings by interlineation, changing the style to State of Oklahoma ex rel. V. C. Bash. Objections to the amendment were overruled, and defendant filed his response to the application for citation.

The cause was tried to a jury, defendant's objection to introduction of evidence being overruled. At the close of the evidence the court instructed the jury, and it returned a verdict of "guilty" and assessed a fine of $200.

Motion for new trial and motion in arrest of judgment were overruled; defendant gave notice of appeal and executed a bond in the amount of $700 to stay execution of judgment pending appeal.

Defendant makes 19 assignments of error, submitted under four heads of argument, under which are offered numerous subdivisions. For the sake of brevity we shall not attempt to deal specifically with each argument.

The first error alleged is the action of the trial court in overruling defendant's demurrer to the application and citation for contempt. The argument is based upon the decisions in the early cases of Morgan v. National Bank of Commerce, 90 Okla. 280, 217 P. 388, and Ex parte Hibler, 139 Okla. 157, 281 P. 144.

In the Morgan Case, supra, the complaint failed to show clearly of what the alleged contempt consisted, in order that the party charged could determine whether it was direct or indirect contempt. However, this

is not true of the case at bar. In the accusation of contempt filed by plaintiff it was specifically set forth that defendant was violating the terms of the injunction rendered against him, and the exact acts by which he violated this injunction were enumerated. Furthermore, the citation issued to the defendant to show cause fully set forth what was alleged as constituting the violation of the court's order upon which the proceeding for contempt was based.

The case of Ex parte Hibler, supra, is not applicable here. That case holds: In a proceeding to punish for indirect contempt, the facts constituting the contempt must be stated with sufficient particularity to inform the accused of the nature of the proceeding against him; and an order finding the defendant to have violated the express injunction of the court as set forth in plaintiff's petition was insufficient to constitute a defense to a petition for habeas corpus for unlawful imprisonment.

Section 1956, O. S. 1931 (21 Okla. St. Ann. sec. 565), defines both "direct" and "indirect" contempt. As regards an "indirect contempt" it provides:

"* * * 'Indirect contempts' of court shall consist of willful disobedience of any process or order lawfully issued or made by the court; resistance willfully offered by any person to the execution of a lawful order or process of a court."

Section 1958, O. S. 1931 (21 Okla. St. Ann. sec. 567), provides:

"In all cases of indirect contempt the party charged with contempt shall be notified in writing of the accusation and have reasonable time for defense; and the party so charged shall, upon demand, have a trial by jury."

In the case of Blanton v. State, 31 Okla. Cr. 419, 239 P. 698, this court defined an indirect contempt as a contempt consisting "of willful disobedience of any process or order lawfully made by the court, and resistance willfully offered by any person to the execution of a lawful order or process of the court."

Here the defendant was properly informed of the charge against him and what kind of proceeding he was to defend. In view of this, there was no error committed by the trial court's refusal to sustain the demurrer to the application and citation for contempt.

The defendant also claims error in the trial court's refusal to grant defendant's requested instruction No. 9. By this instruction the court was asked to charge the jury that if defendant was attempting in good faith to operate a lease which he had a right to operate, and the most convenient place to get to the site of a well he intended to drill was over a dedicated street, he would not be guilty of violating the injunction by making an opening in a fence across the end of such dedicated street.

This instruction was refused, but in instruction No. 10 the court told the jury if they found defendant believed, or had the right under all the circumstances shown by the evidence to believe, that he committed any acts they found he did commit, that he was acting within his rights under the temporary injunction, and had no intent to violate the injunction, they were to find for defendant.

Then, in instruction No. 11, the court told the jury if they found the terms of the injunction upon which this case was based were ambiguous as to what defendant could or could not do, he could not be convicted because he erroneously construed the injunction, if he had no intent to violate the injunction and his acts were not the result of a bad intent.

By the instructions given the court informed the jury that if they found the defendant proceeded even under an erroneous belief as to his rights under the injunction, he could not be convicted, if there was no intent to violate the injunction, nor any bad intent. These instructions were, to say the least, liberal, and in view of the instructions given there was no error in the refusal of the proffered instruction.

Numerous other arguments are offered to the effect that the court erred in permitting the amendment by "changing the style of the plaintiff," in overruling the demurrer to the evidence, in the admission and exclusion of certain evidence, and matters related to the above enumerated claims of error.

As said in Rocher v. Williams, 183 Okla. 613, 83 P.2d 867:

"This court will not lend aid, upon technical grounds in pleadings, to a defendant who has been charged with and convicted by a jury of willfully violating injunction orders of the court.

" 'Willful disobedience of an order in a civil action is not a criminal contempt; in such a case the punishment is only ordered for the purpose of enforcing such order.' Flathers v. State, 7 Okla. Cr. 668, 125 P. 902."

The record reveals defendant had a proper

trial and there were no prejudicial errors of law committed. Since, on appeal from a judgment in a contempt proceeding, questions of fact will not be reviewed (Burke v. State, 2 Okla. 499, 37 P. 829), the judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, HURST, and DANNER, JJ., concur.