### FAGIN v. THOROUGHMAN.

No. 30524. March 31, 1942.

Rehearing Denied June 2, 1942.

*126 P. 2d 982.*

Ernest F. Jenkins, of Stillwater, for plaintiff in error.

650

Swank & Swank, of Stillwater, for defendant in error.

GIBSON, J. This is a proceeding in indirect contempt arising from the disobedience of an injunction granted by the trial court. Defendant appeals from an order adjudging him in contempt on the verdict of the jury, and assessing a fine of $50 and ordering him committed to jail for 30 days.

The proceedings were instituted in the injunction action by the plaintiff therein by way of application for citation, duly verified, setting forth in detail the manner in which the injunction was violated by defendant.

The injunction restrained defendant from interfering with plaintiff or his agents in entering upon certain premises belonging to plaintiff and occupied by defendant as tenant. The application charged that while the injunction was in full force the same had been violated and disregarded by defendant in that on a certain day he made an unprovoked attack upon one Carl Thoroughman, plaintiff's agent, who at the request of plaintiff had gone upon the premises to make certain inspection as to crops, and severely beat him with a large stick, ordered him off the place, and threatened to kill him.

Defendant says that the application for citation was not sufficient in its form and allegations to support a conviction, and that the proceedings are criminal in nature and therefore should have been prosecuted by the county attorney in the name of the state.

This question was raised by demurrer to the application and by objection to the introduction of testimony. The basis thereof is that the application failed to specifically charge defendant with willful disobedience of the order of the court, and also failed to specify the purpose of the proposed punishment, whether the same was to benefit plaintiff, or compensate him for some detriment suffered, or whether it was to vindicate the dignity of the court for disobedience of its order, that is,

whether the proceedings against defendant were civil in nature or criminal. As authority defendant cites Morgan v. National Bank of Commerce, 90 Okla. 280, 217 P. 388; Woodworth v. Woodworth, 173 Okla. 554, 48 P. 2d 1052.

In Morgan v. National Bank of Commerce, supra, the respondent was charged with willfully resisting the execution of an order appointing a receiver. The complaint was filed by one of the parties to the action. In speaking of the complaint and the prayer thereof, the court said:

"It is impossible to determine from this prayer whether the proceeding was being prosecuted for the use and benefit of the plaintiff to the action, or to vindicate the dignity of the court. However, the prayer of the petition indicates that the punishment requested was to be punitive in its nature and for the vindication of the court. If the relief was to be remedial and for the benefit of the plaintiff in the action, the prayer of the petition should ask that the respondent be fined for plaintiff's use and benefit. The petition was styled the same as the civil action. If it was intended as a prosecution in vindication of the court's power and dignity, it should have been styled 'State of Oklahoma v. N. C. Morgan' or 'In re N. C. Morgan.' The respondent should not have been left in doubt whether the contempt proceedings were instituted for remedial relief in aid of private litigation, or as a public prosecution to vindicate the court's authority."

The decision in the Woodworth Case was to the same effect. There the complaint was uncertain as to whether the punishment sought was for the vindication of the court's dignity and powers, and therefore criminal in nature, or whether the proposed punishment was for the purpose of compensating plaintiff for some detriment suffered by him. The decision was based principally upon the Morgan Case, above.

In the instant case there is no intimation in the record that the injunction was in any manner illegal. The application for citation contained allegations of specific facts showing a direct violation

of the order and charged that defendant "disregarded and violated" the order by committing the acts as specifically alleged. A specific charge of willfulness is not necessary in such case. Such an allegation would be a mere legal conclusion. The facts as stated were sufficient to warrant a finding of willful disobedience. See Townsend v. Townsend, 174 Okla. 185, 50 P. 2d 147, wherein it was said that the use of the word "willful" in such cases is unnecessary if the facts charged show willfulness.

The two cases cited by defendant as aforesaid are not helpful here. In the Morgan Case the complaint was too indefinite to advise the respondent whether the proceedings were instituted for remedial relief in aid of private litigation or as a public prosecution to vindicate the court's authority. In the Woodworth Case the conviction was not allowed to stand because of the uncertainty in the character of the proceedings. That situation is not present here.

According to sections 565, 566, 21 O.S. 1941, enacted pursuant to constitutional authority (sec. 25, art. 2, Const.), indirect contempt consists of willful disobedience of or resistance to any process or order of the court, not in its presence or hearing; and in all such cases the party charged shall be notified in writing and have a reasonable time to defend, and may demand a jury.

Here, the application and the citation issued pursuant thereto conformed to the Constitution and statutes. The application was entirely sufficient to advise the defendant of the extent and nature of the charges against him. And those charges were not criminal in nature, but civil. They arose out of the violation of a court order entered in a civil action. A proceeding in contempt in such case is a civil proceeding. Rocher v. Williams, 183 Okla. 613, 83 P. 2d 867; Seifried v. State ex rel. Bash, 184 Okla. 299, 86 P. 2d 1008.

The procedure followed here was precisely the same as that is Rocher v. Williams, supra. That case is controlling of the questions here under consideration, and the law as there stated is adopted as the law in this case. The syllabus reads as follows:

"Any willful disobedience of any process or order lawfully made by any court in this state, not committed in immediate view and presence of the court, is an indirect contempt of court. In such cases contemnor must be proceeded against by written accusation, and upon demand shall be granted a jury trial. . . .

"A civil contempt proceeding is prosecuted in the original action and in the name of the injured party and for his benefit.

"In a proceeding to punish for indirect contempt, where the complaint or information sets forth facts in writing in sufficient language to fully and clearly inform the party charged of the kind of contempt charged against him and the particular acts constituting the contempt charged, the complaint or information will be held to be sufficient."

Defendant says further that the order appealed from is void in that the jail sentence was in excess of the court's powers as defined by section 1390, 12 O. S. 1941. Ex parte Hibler, 139 Okla. 157, 281 P. 144.

Plaintiff confesses error so far as the jail sentence is concerned. Said section 1390 applies specifically to contempt cases arising from the violation of injunctions. It authorizes fines not to exceed $200, but does not provide for jail sentences. As held in Ex parte Hibler, the court may not order imprisonment for disobeying the injunction, but may imprison the contemnor only for failure to pay the fine imposed or failure to make restitution to the injured party as required by order of court or for failure to give security to obey the injunction.

The Hibler Case was an original proceeding in habeas corpus. The petitioner had been adjudged in indirect contempt for violation of an injunction, and sentenced to jail. He sought a writ of habeas corpus in this court, attacking the trial court's order of confinement on a number of grounds. We held that the order of confinement was in excess

**652**

of the court's powers under said section 1390, and that said order was "coram non judice and void."

That portion of the court's judgment in this case ordering the contemnor confined in the county jail was void as being in excess of the statutory powers in such case, but the order assessing the fine was within the court's powers, and valid.

The judgment appealed from is modified to eliminate the order of confinement, and as so modified the same is affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. RILEY and ARNOLD, JJ., dissent. WELCH, C. J., absent.

---

RILEY, J. (dissenting). I am of the opinion that the contempt, charged under specification of an attempt to kill, assault, and batter and use of words intended to provoke an assault, is criminal in nature; that the fine imposed would inure to the benefit of the state and the imprisonment ordered was for the peace and good order of society, both resulting from an act committed against the peace and dignity of the state and contrary to an injunction imposed by the trial court representative of the judicial department of state government. The fine would not inure to the benefit of the individual in whose name the special proceeding for contempt was instituted, and therefore the state was the real party in interest; the proceeding of necessity should have been prosecuted in its name. Morgan v. National Bank of Commerce of Shawnee, 90 Okla. 280, 217 P. 388; Gompers v. Buck Stove & Range Co., 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797. Since this was not done, the judgment should be reversed and the cause remanded.