Stacie Rene Stallings SMITH, Appellee,

v.

Robert SMITH, Appellant.

No. 74120.

Court of Appeals of Oklahoma,
Division No. 2.

Oct. 6, 1992.

G. Thorne Stallings, Jr., Blanchard, for appellee.

M. Ellen Feaver, Petersen Associates, Inc., Norman, for appellant.

BRIGHTMIRE, Judge.

The issues presented by the defendant in this post-divorce modification and contempt proceeding are these: Whether the trial judge erred when he (1) found that the plaintiff was not guilty of indirect contempt of court; (2) failed to pass on the defendant's request to reduce unpaid medical expenses to judgment; and (3) modified the child support in the manner he did.

We hold that he did and vacate his order.

## I

The operative facts are these. Plaintiff Stacie Smith and defendant Robert Smith were granted a divorce September 4, 1987.[1] The woman was awarded custody of their two minor children and the man was ordered to pay child support and alimony.

He was also obligated to purchase health insurance for the children and to pay one-half of the insurance policy deductible.

On February 12, 1988, the parties entered a written settlement of a series of pending modification and contempt of court applications. The trial court approved the settlement which, among other things, eliminated the man's responsibility for future alimony and made both parties responsible for the payment of one-half of the children's "unreimbursed" medical and dental expenses, including deductibles and co-payments.

On July 19, 1989, the man filed a motion to modify child support due to a reduced income, and an application for contempt of court citation against the woman for failure to pay her share of the unpaid medical expenses. He also asked for a judgment against the woman for such expenses.

On July 21, 1989, the woman responded by also filing a motion to modify and a contempt of court application seeking to restrict the man's visitation because of alleged acts of misconduct. She also charged that he was delinquent on his child support payments.

All matters were consolidated for trial on September 8, 1989. On that date the attorneys presented opening statement concerning the positions of the parties on the issues. According to a post-appeal narrative statement order entered by the trial court on February 9, 1990, four exhibits were admitted as evidence but no oral testimony or any other competent evidence was heard or received.[2]

It was on the basis of such evidence that the court found that neither party was guilty of indirect contempt of court, reduced the man's child support payments by

---

1. This event is not entirely clear as the decree of divorce recites both the months of September and October and both months are marked through by the hand of a scrivener. In subsequent modification and contempt of court proceedings the parties seem to agree that the divorce was granted in September. The decree was filed October 20, 1987.

2. In such order, entitled "District Court's Order of Narrative Statement of Proceedings," the trial court ruled on the woman's objection to the man's narrative statement of trial proceedings which the man filed, with the approval of the court, about twenty days after this appeal was filed. The trial court stated that the only evidence received were the husband's employment pay stubs, documentation of the husband's unemployment benefits, the wife's 1988 W-2 form and one employment pay stub, and the child support guidelines worksheet.

$50 per month, and adjusted the man's visitation schedule, but rendered no judgment on the man's request for unpaid medical expenses. And, finally, the journal entry contained this proviso: Beginning on "April 15, 1990, and annually thereafter on April 15th, the parties are hereby ordered to exchange copies of their Federal Income Tax returns and child support shall be modified annually ... using the gross income figures on each parties' tax return." [3]

From this ruling the man timely appeals.

## II

▮ It is necessary, as a preliminary matter, to determine the legal consequences flowing from several significant irregularities in the proceedings and the adjudication on September 8, 1989.

To begin with the trial judge signed a "Journal Entry" in which he recited that he "examined the file and records in this case and *[heard] the oral testimony of witnesses examined in open Court*" and then proceeded to adjudicate certain matters being heard. (Emphasis added.)

Feeling aggrieved, the man filed this appeal October 9, 1989. On October 27, 1989, the woman filed a response to the petition in error in which she said the appeal should be dismissed because: "Both parties waived jury trial and stipulated all matters be tried to the court. All matters were thereafter tried upon counsel's [*sic*] statements *and testimony of both parties*." [4]

On November 19, 1989, however, the man, with leave of the trial court, filed a narrative statement of trial court proceedings pursuant to Civil Appellate Procedure Rule 1.22, 12 O.S.1991, ch. 15, app. 2. In it the man narrated the argument of counsel which he referred to as an "offer of proof."

No actual testimony of any witness was narrated.

On December 6, 1989, the woman filed her objections to the statement along with various "amendments." Among other things the woman said (1) none of the exhibits attached to the man's statement were ever offered or admitted into evidence; and (2) the "court heard this matter upon oral argument of the parties only." Following this the woman sets out some nineteen amendments which, like the man's "narrative," are based upon statements of counsel made during oral argument which she likewise characterizes as "offers of proof."

Following this, on February 9, 1990, the trial court signed an order "of Narrative Statement of Proceedings." The order recited that four exhibits had been admitted at "trial" and then proceeded to "incorporate" both the man's "Narrative Statement" and the woman's "Amendments" in full. The most that can be made out of this confusing order is this: It affirmatively reflects that both parties and the judge agree that (1) no evidence, other than four exhibits, was admitted or heard by the court (and the woman denies that even four exhibits were admitted or considered by the court), (2) the parties did not enter into any stipulation regarding evidence to be considered by the court, and (3) without the express consent of the parties the trial court decided to resolve the factual issues raised by the pleadings on the basis of the opening statement or "argument" of counsel.

## III

Under the facts and circumstances detailed above the only issue for this court to decide is whether the trial judge fostered a fatal irregularity in the proceedings below which resulted in the parties being deprived of a fair trial and caused the man to

---

**3.** Both parties concede this annual adjustment order is invalid and we agree. *See Lairmore v. Lairmore,* 617 P.2d 892 (Okl.1980).

**4.** Emphasis added. A party charged with indirect civil contempt is constitutionally entitled to a jury trial. Okl.Const. art. 2, § 25. And, upon demand, a party so charged must be granted a jury trial. *Fagin v. Thoroughman,* 190 Okl. 649, 126 P.2d 982 (1942); 21 O.S.1991 § 567. There

is nothing in the record supporting the woman's statement that a jury trial was expressly waived. Such waiver can be done only in one of the statutory methods found in 12 O.S.1991 § 591 and the record should affirmatively reflect that the charged party was informed of his right to a jury trial and, if waived, that the waiver was voluntary. *Jackson v. General Finance Corp.,* 208 Okl. 44, 253 P.2d 166 (1953).

be the recipient of a court order unsupported by any competent evidence.

We hold he did and grant a new trial.

The law is that a new trial is the proper remedy if the substantial rights of a party have been materially affected by (1) any irregularity in the proceedings of the court which has prevented him from having a fair trial; or (2) a decision of the trial judge which is not sustained by sufficient evidence. 12 O.S.1991 § 651 (First) and (Sixth); *Ingram v. Dunning*, 60 Okl. 233, 159 P. 927 (1916). The trial court has a duty to safeguard litigants' rights to a fair trial. *Barnhart v. International Harvester Co.*, 441 P.2d 1000 (Okl.1968).[5]

■ The trial judge should not coercively persuade or encourage, or for that matter permit, the parties to submit their lawsuit for adjudication merely on opening statements of counsel where material issues of fact exist. To do so is a fatal irregularity and is disapproved. Before a judge may validly decide an issue of fact, his decision, like that of a jury, must be based on competent evidence received by the court during a hearing, trial of the issues, or on facts stipulated to by the parties. *Butler v. Prokop*, 321 P.2d 400 (Okl.1958). *See also, Knell v. Burnes*, 645 P.2d 471 (Okl. 1982). The parties ought not to be made to feel that it is an imposition on the court to insist on their constitutional right to present supporting evidence or cross-examine an opponent.

### IV

The journal entry appealed is vacated and the cause is remanded for a new trial on all issues including the man's request for judgment against the woman for her share of the medical expenses—an issue which was not ruled upon in such journal entry.

RAPP, P.J., and REIF, J., concur.

---

5. Moreover, in actions of equitable cognizance, the appellate court will review the entire record, consider and weigh the "evidence" and reverse the judgment if clearly against the weight of the evidence or contrary to law. *Rees v. Briscoe*, 315 P.2d 758 (Okl.1957).