**A+ WELDING & CONSTRUCTION, INC., Plaintiff/Appellee,**

v.

**John BRICHACEK, Defendant/Appellant,**

and

**Belle Brichacek, John I. Brichacek, Jean Schuman, Jerry Brichacek, and Joan Wilson, Intervenors/Appellants.**

No. 85561.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 10, 1997.

Rehearing Denied April 18, 1997.

Lester D. Henderson, Sapulpa, for Appellants.

Sam Withiam, Cushing, for Appellee.

## *OPINION*

GARRETT, Judge:

This is a boundary line dispute. Appellee, A+ Welding and Construction, Inc.[1] sued Appellant, John Brichacek. Appellants, Belle Brichacek, John I. Brichacek, Jean Schuman, Jerry Brichacek and Joan Wilson, intervened. This is the third time this case has come to the attention of Oklahoma's appellate courts. See Supreme Court cases numbered 85,090 and 85,170. We will refer to those two cases later in this opinion.

Appellants and Appellees own adjacent land in a rural area. In effect, Appellee claimed Appellants (or one or more of them) had constructed a fence which encroached on its land. The disputed boundary line runs north and south between the two tracts. Appellants own the land east of the boundary line, and Appellee's land is west of that line. ARCO Pipeline, has two buried pipelines running north and south on an easement on or near the east side of Appellee's property, and on or near the boundary line. There is

---

[1]. The original Plaintiffs were Laurence and Donna Armstrong. They apparently own the plaintiff corporation and had conveyed their land to it. By agreement, the court allowed the corporation to be substituted as Plaintiff, because it was the record title holder and was the real party in interest. The style of the case was changed accordingly.

another pipeline, owned by "Sun", on the easement.[2]

Appellee sought judgment establishing the boundary line based on the government survey. It also sought judgment allowing it to remove the existing fence and to construct an 8–foot high pipe fence set in concrete along the survey line, and prayed for damages against Appellants.

The evidence showed that prior to 1967 there had been a boundary line fence on or near the government survey line; and in 1967 (or prior thereto), by agreement of the then owners of both tracts, a new boundary fence was constructed. That 1967 fence was still in place when this action was commenced. In some places it was east and at other places it was west of the pipelines. At still other places it was on top of them.

The court found and adjudged that the 1967 barbed wire fence is the boundary line; and, it had been established by acquiescence for many years, at least since 1967. The evidence clearly supported that judgment. The judgment also authorized Appellee to construct the 8–foot pipe fence, capable of containing elk and deer, at its own expense on the same line as that established by acquiescence and the 1967 barbed wire fence, but not on the government survey line. The judgment also provided that if the existing pipelines interfered with construction of the new pipe fence or that future repair or removal of the existing pipelines could cause expense to Appellee, then Appellee could construct its new pipe fence to the east of the established fence line such distance as may be determined by the representative of the pipeline. Judgment quieting Appellants' title or granting damages to Appellee was denied. This appeal followed.

–1–

■ Appellants first contend the court erred in admitting evidence of the location of the pipeline. We have examined the record and find no error in this respect. Even if that evidence should not have been admitted, which we do not decide, Appellants have not shown that it had any material effect on the

judgment establishing boundary line by acquiescence. This evidence was necessary to fully advise the court of the present existing situation along the disputed boundary line, and it was properly admitted.

–2–

■ As above stated, the evidence clearly supported the trial court judgment that the 1967 fence, together with the conduct of the owners of the land, established a boundary line by acquiescence. That portion of the trial court's judgment is affirmed.

–3–

■ Appellants contend the court erred when it denied their quiet title action against Appellee. Each of the parties, under the facts of this case, acquired title by prescription to that portion of the lands involved which is located on their side of the boundary line established by the court. See 60 O.S. 1991 § 333, 12 O.S.1991 § 93, *Smith v. Pettijohn,* 366 P.2d 633 (Okl.1961); *Johnson v. Whelan,* 186 Okl. 511, 98 P.2d 1103 (1940). On remand, the court is directed to enter judgment for the parties, quieting their respective titles accordingly.

–4–

■ Appellants contend the order allowing Appellee to construct the new pipe fence to the east of the established boundary line constitutes a "taking" of their private property for Appellee's private use. We agree. Article II, Section 23 of the Oklahoma Constitution provides:

No private property shall be taken or damaged for private use, with or without compensation, unless by consent of the owner, except for private ways of necessity, or for drains and ditches across lands of others for agricultural, mining or sanitary purposes, in a manner as may be prescribed by law.

The "taking" of several feet of Appellants' property for the construction of Appellee's new pipe fence does not fall into any excep-

**2.** Neither ARCO Pipeline or "Sun" are parties to         this appeal and they were not parties below.

tion found in Art. II, § 23.[3] To the extent the trial court allowed this "taking" of Appellant's property, the judgment was erroneous, and it is reversed.

■ In addition, we agree that the trial court's order, allowing a representative of the pipeline owner to designate the distance "to the east of the established existing fence line" where Appellee's new pipeline fence may be constructed, was error. In addition to being a violation of Art. II § 23, that was a delegation of judicial power.

–5–

The trial court's judgment permitting Appellee to construct a new 8–foot pipe fence, at its expense, is affirmed.[4] As between Appellants and Appellee, this fence may be constructed on the boundary line established by the court, or at some point west thereof on Appellee's land.

■ Since the owners of the pipelines and the easement are not parties to this action, any judgment for or against them would be error. Insofar as the judgment may be construed as creating rights for or against them, it is reversed. It is not proper to decide, in this case, any issue which may exist now or later, if any there be, between the parties to this case and persons or entities who are not parties to this action.

–6–

Appellee contends that the trial court's judgment should be affirmed in all respects. In this connection, Appellee claims Appellants purposely delayed their appeal for several months, and this causes the equities relating to the 8–foot pipe fence to favor Appellee. Appellee states that it believed, and the trial court believed, the minute order which was filed on April 25, 1994, was the final order in the case. In effect, Appellee says it waited until the latter part of 1994, to commence construction of the fence, and then, believing appeal time had expired, precisely followed the directions of the court as set forth in the minute order. Also, Appellee claims that Appellants waited, with some kind of evil intent, until the pipe fence was essentially completed, and, on January 25, 1995, filed a Motion to Settle Journal Entry of Judgment, which motion was denied on April 25, 1994, because the trial court believed the April 25, 1994 minute order was a full, final and appealable judgment.[5]

On February 17, 1995, Appellants filed an original action in the Supreme Court seeking a writ of mandamus requiring the trial court to enter a final judgment. See case number 85,090. On March 20, 1995, the Supreme Court assumed jurisdiction, determined the April 25, 1994 Minute Order was not a final order, and issued a Writ of Mandamus to the trial court to execute a journal entry of judgment. Thereafter the formal Journal Entry of Judgment was settled, executed, ordered filed, and filed on April 25, 1995, one year to the day after the Minute Order had been filed.

On March 3, 1995, an appeal was filed by Appellants in case number 85,170. At that time, the formal Journal Entry of Judgment had not been filed in the trial court. After the Supreme Court's order in 85,090 was filed, Appellee filed a Motion to Dismiss the appeal in 85,170 because there was no appealable judgment at the time 85,170 was filed. Appellants responded and said they had no objection to 85,170 being dismissed because its sole purpose was to appeal the trial court's refusal to execute and file an appealable judgment, and it had become moot. On May 23, 1995, case number 85,170 was dismissed.

As above mentioned, the trial court judgment, in response to the writ of mandamus issued by the Supreme Court in case number 85,090, was filed on April 25, 1995. The

---

3. Whether 27 O.S.1991 § 6 would apply to this case was not before the trial court and is not before this Court for decision. We express no opinion in that respect.

4. Except its location on Appellant's land east of the established boundary line by acquiescence. See Section —4— of this Opinion.

5. However, the Supreme Court, in case number 85,090, held that Appellants were legally correct; and, the appellate record does not contain any documentary evidence showing that Appellee ever requested the trial court to enter a formal Journal Entry of Judgment.

appeal now being considered (case number 85,561) was timely filed on May 16, 1995.

In reply to Appellee's balancing the equities arguments, Appellant points out that the pleadings and proceedings after April 25, 1994, except the Journal Entry of Judgment filed April 25, 1995, were not included in their designation of record on appeal, and that no counter-designation was filed. Thus Appellant contends that pleadings, evidence, and proceedings relating to Appellee's arguments are outside of the appellate record and are not before this court for decision. In their reply brief Appellants state: "Even assuming such argument could somehow be considered germane, such actions of Appellee are not part of the designated record on appeal any more than a letter sent from Appellants' counsel advising Appellee's counsel that Appellee was acting at his own risk because the court's order was not final."

█ The information in this Opinion relating to the previous cases numbered 85,090 and 85,170, was obtained, for the most part, by examination of Supreme Court records in those two cases. We take judicial notice of those files. Otherwise, we agree that the appellate record does not contain sufficient information for this court to consider Appellee's arguments set forth in this section of this Opinion. While we agree that *Malnar v. Whitfield*, 774 P.2d 1075 (Okl.App.1989) is distinguishable and inapplicable to this case, we decline to consider matters not supported by the record.

### CONCLUSION

The trial court's judgment is affirmed in part, reversed in part, and this matter is remanded to the trial court for such proceedings as may be proper, including the entry of a new judgment which follows this Opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

CARL B. JONES, P.J., and ADAMS, C.J., concur.